Argued March 2, affirmed September 9, 1965

# JENKINS *v.* OREGON STATE BAR ET AL

405 P. 2d 525

284

*James K. Gardner,* Hillsboro, and *Leo Levenson,* Portland, argued the cause and filed briefs for appellant.

*Sidney Teiser,* Portland, argued the cause for respondents. With him on the brief was Robert H. Hollister, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

Edwin L. Jenkins, the judge of the district court for Washington County, was served with a complaint in a disciplinary proceeding brought under ORS 9.540. The complaint charged a number of specifications of professional misconduct, but did not charge the commission of any crime. Judge Jenkins thereupon initiated this proceeding in the circuit court for

a writ of prohibition. Judge Jenkins contends that this court is without jurisdiction to punish a judge for unprofessional conduct. The circuit court dismissed the petition. Judge Jenkins appeals.

The legal sufficiency of the several allegations in the complaint is not before us, and we purposely refrain at this time from giving the charges any more publicity than is necessary to the determination of the narrow question that is before us. We likewise express no opinion concerning the truth of any allegations to which we may refer. The question for decision is the correctness of the trial court's ruling which dismissed the petition for a writ of prohibition.

This appeal accordingly presents these issues:

(1) Can this court proceed under ORS 9.460 to 9.580 with disciplinary action against a judge for professional misconduct, not amounting to a crime, perpetrated during his term of office? If the answer to this question is no, then the trial court must be reversed. If, however, a judge can be brought within the disciplinary jurisdiction which this court has over other members of the bar in this state, we must answer the question:

(2) Is a judge bound by the Canons of Judicial Ethics which were adopted by this court in 1952?

The questions are exclusively legal ones. Therefore, only a brief statement of facts is necessary.

The petitioner is accused of violating, among others, Rule 12 of the Canons of Judicial Ethics.[①]

_____

[①] Appointees of the Judiciary and Their Compensation. "Trustees, receivers, masters, referees, guardians and other persons appointed by a judge to aid in the administration of justice should have the strictest probity and impartiality and should be selected with a view solely to their character and fitness. The power of making such appointments should not be exercised by

One specification of misconduct is that the petitioner appointed his wife as an appraiser in an estate that came before him in his capacity as a probate judge. The petitioner is accused of ordering the estate to pay his wife fees for such services as she allegedly performed on behalf of the estate.

■ A combination of statutes (ORS 9.460 to 9.580) and rules of court establishes the procedural steps through which this court exercises its inherent power to purge unfit and corrupt attorneys from its bar. The initial processing of disciplinary matters is performed by the Oregon State Bar. The Oregon State Bar, through its appropriate officers, prefers charges, conducts hearings, and makes recommendations to this court. This court, ultimately, decides the degree of misconduct, if any, and the measure of punishment, if any. This court also orders the execution of any punishment imposed. Accordingly, when we refer in this opinion to disciplinary jurisdiction, it is understood that it is the jurisdiction of this court which is challenged. Any disciplinary jurisdiction delegated by statute to the Oregon State Bar is necessarily derivative. It is through the instrumentality of the integrated bar of this state that the supreme court's jurisdiction is initially employed in disciplinary matters.

■■ No one is seeking, by means of disciplinary proceedings, the removal of the judge from office. The

him for personal or partisan advantage. He should not permit his appointments to be controlled by others than himself. He should also avoid nepotism and undue favoritism in his appointments.

"While not hestitating to fix or approve just amounts, he should be most scrupulous in granting or approving compensation for the services or charges of such appointees to avoid excessive allowances, whether or not excepted to or complained of. He cannot rid himself of this responsibility by the consent of counsel."

Bar concedes that the direct method of removing an unfit judge from office is, under the Oregon Constitution (Art VII [Amended], § 6),[2] by a trial conducted according to the procedural rules governing criminal prosecutions. Constitutional removal proceedings are, of course, wholly independent of professional disciplinary proceedings. Accordingly, the petitioner's brief and argument directed against a supposed attempt by the Bar to remove him from judicial office is not in point. In the absence of constitutional and legislative provisions such as have been enacted in California,[3] Oregon has no removal procedure other than a quasi-criminal trial or recall.

■ Any objection that, as a result of disciplinary action, a judge may be disqualified from seeking re-election is irrelevant. Any lawyer, if disbarred, is disqualified from seeking election or re-election to the bench. Disciplinary jurisdiction obviously cannot be made to turn upon a lawyer's desire to be a candidate for the bench in the future.

A more serious, but equally speculative, challenge to our jurisdiction is based upon an assumption that disciplinary action may indirectly result in the loss by the judge during his term of office of his qualification to serve the balance thereof. The constitutional question whether maintenance of membership in the bar is necessary for continuance in judicial office has

---

[2] "Public officers shall not be impeached; but incompetency, corruption, malfeasance or delinquency in office may be tried in the same manner as criminal offenses, and judgment may be given of dismissal from office, and such further punishment as may have been prescribed by law."

[3] Calif. Const., Art VI, §§ 1b, 10b; Calif. Gov. Code, §§ 68701 et seq.; Calif. Rules of Court, Rules 901-918; 36 Calif. SB J 1008 (1961); Frankel, *Judicial Conduct and Removal of Judges for Cause*, 36 So Cal L Rev 72 (1963); Frankel, *Removal of Judges: California Tackles an Old Problem*, 49 ABA J 166 (1963).

never been decided in this state. If the time should ever come when a lawyer serving as a judge should be so wanting in scruples that he must be disbarred and so lacking in sensitivity that he would attempt, after disbarment, to remain in office during the balance of his term, that will be the time to decide whether or not maintenance of membership in the bar can constitutionally be made a condition of tenure in office. See *In re Spriggs*, 36 Ariz 262, 284 P 521 (1930).

The trial court, in recognizing the inherent and statutory power of this court to discipline lawyers for professional misconduct while serving as judges, is supported by authority elsewhere. See *In re Orsini*, 37 NJ 500, 181 A2d 771 (1962); *In re Mattera*, 34 NJ 259, 168 A2d 38 (1961); and earlier cases collected in the Annotation, 53 ALR2d 305 (1957).

■ Judge Jenkins concedes it to be the general rule that the appropriate agency may proceed against a lawyer, regardless of his judicial office, for disbarment upon conviction of a crime involving moral turpitude, or for fraud. See *In re Stice*, 184 Kan 589, 339 P2d 29 (1959). It is thus clear that this court has jurisdiction, in a proper case, to entertain proceedings for the disbarment of a judge.

The next question is whether a violation of a rule of judicial ethics is a proper case for the exercise of disciplinary jurisdiction. This question tests whether the Canons of Judicial Ethics in this state are rules, or merely recommendations. A practicing lawyer is answerable for conduct which is not a public offense, but which violates one or more of the Rules of Professional Conduct. Is there some good reason a judge should not likewise answer for professional misconduct which does not amount to crime?

■ We have been unable to discover a valid reason

for holding that while a judge can be stricken from the roll of attorneys for criminal behavior he should be immune from disciplinary action in cases involving reprehensible conduct that falls short of crime. We hold that rules of professional conduct, including judicial conduct, are binding upon judges.

There would have been no purpose in the adoption by this court in 1952 of the Canons of Judicial Ethics if they were to be merely hortatory. This court has said, in connection with a lawyer's misconduct:

> "The rules promulgated by this court concerning professional and judicial ethics are not merely pious exhortations. They were established to be obeyed and they create rights corresponding to the duties imposed * * *." *In re Hannon,* 214 Or 51, 59, 324 P2d 753 (1958).

The Canons of Judicial Ethics are just as binding upon lawyers and judges as the Rules of Professional Conduct are binding upon lawyers and judges in cases falling within the purview of those rules.

In Oregon, a lawyer does not cease to be a lawyer when he is elected or appointed to a judicial office. A judge is required to pay his bar dues, and is entitled to all the rights and privileges of membership in the bar except the right to represent clients. As far as his duty to his profession is concerned, a judge is a lawyer whose labors are performed behind the bench instead of before it.

As observed recently by Chief Justice Weintraub of New Jersey:

> "In terms of rational connection with fitness at the bar, behavior of an attorney in judicial office cannot be insulated from the demands of professional ethics. On the contrary, the judge's

role is so intimate a part of the process of justice that misbehavior as a judge must inevitably reflect upon qualification for membership at the bar. Hence the disciplinary power should apply unless it is restrained by some provision of the Constitution * * *." 34 NJ at 264-265, 168 A2d at 41.

The legislature properly has not attempted to define all forms of conduct that would justify either a denial of admission to the bar or disbarment. By statute, as well as by rule, the formulation of rules of professional conduct has been delegated to the board of governors of the Oregon State Bar, and such rules, when adopted by this court, are binding upon all members of the bar. ORS 9.490.

The Oregon State Bar has promulgated, and this court has adopted, two sets of specific rules, one primarily for practicing lawyers and one primarily for judges. The profession and the public look to the Rules of Professional Conduct and to the Canons of Judicial Ethics for guidance concerning professional conduct. They are entitled to do so.

■ The Rules of Professional Conduct for practicing lawyers obviously were drawn with the relationship of lawyer and client foremost in the minds of the draftsmen. The Canons of Juicial Ethics obviously were drawn to cover problems likely to arise in connection with the performance of judicial duties. Neither set of rules, however, is intended to be mutually exclusive. Both may apply, in proper cases, alike to practicing lawyers and to judges.

It has been suggested that permitting this court to enforce its ethical rules in cases of judicial misconduct constitutes a danger to the independence of the judiciary. See, e.g., *In Re Watson,* 71 Nev 227, 286 P2d 254, 53 ALR2d 301 (1955), and *In re Investi-*

*gation of Circuit Judge,* 93 So2d 601 (Florida 1957). Both cited cases turn upon construction of local constitutional provisions concerning removal of unfit judges. Both cases anticipate removal from office as a direct consequence of disbarment. Neither appeals to us as responsive to the question whether a judge, as a lawyer, is subject to the disciplinary jurisdiction of his supreme court for violating rules of professional ethics binding upon other lawyers. Neither case answers the question whether rules are rules or merely recommendations.

With reference to the independence of the judiciary, this court yields to none in its conviction that the judiciary must be free of partisan or other influences prejudicial to the impartial administration of justice. But we are not prepared to hold that independence carries with it a license to violate the law or the rules of professional conduct which in this state have the force of law insofar as the internal discipline of the legal profession is concerned. There is no divine right of judges to flout the law.

It follows that the trial court correctly dismissed the petition.

Affirmed.