## (April 25, 1967)

In the Matter of Sidney J. Ungar, an Attorney.— Respondent's motion for reconsideration is denied. The motion is grounded on *Spevack* v. *Klein* (385 U. S. 511). Respondent expressly abandoned his reliance on his Federal privilege against self incrimination (U. S. Const., 5th Amdt.). He did not raise the question in the Court of Appeals or on his application for a writ of certiorari to the Supreme Court. *Spevack* prohibits a waiver of the privilege under the compulsion of the threat of loss of employment. It does not inhibit the use in a disciplinary proceeding of testimony resulting from respondent's immunity from prosecution therefor. The Fifth Amendment proscribes compelled testimony in "any criminal case". Although forfeiture proceedings have been held to be in the nature of criminal proceedings (*Plymouth Sedan* v. *Pennsylvania,* 380 U. S. 693), it has not been held that a disciplinary proceeding is in the nature of a criminal cause. The constitutional question respondent belatedly seeks to revive does not affect the charges based on the contempt adjudication against the respondent (*Ungar* v. *Sarafite,* 376 U. S. 575) and respondent's contumacious conduct in the trial of *People* v. *Jack* (12 N Y 2d 721) heretofore sustained (*Matter of Ungar,* 25 A D 2d 322, app. dsmd. 18 N Y 2d 690, cert. den. 385 U. S. 1006), and are sufficient to warrant disbarment. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

In the Matter of the Estate of Sadie Ramm, Deceased — Motion to amend the order of this court entered on March 9, 1967 [27 A D 2d 902], is granted so as to include the statement that the court in affirming the decree appealed from necessarily passed upon questions raised pursuant to the Federal and New York State Constitutions. The order of this court entered on April 11, 1967 is vacated. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Staley, Jr., JJ.

## (April 26, 1967)

### (Republished)

In the Matter of Sidney J. Ungar, an Attorney.— Respondent's motion for reconsideration is denied. The motion is grounded on *Spevack* v. *Klein* (385 U. S. 511). Respondent expressly abandoned his reliance on his Federal privilege against self incrimination (U. S. Const., 5th Amdt.). He did not raise the question in the Court of Appeals but did on his application for a writ of certiorari to the Supreme Court. *Spevack* prohibits a waiver of the privilege under the compulsion of the threat of loss of employment. It does not inhibit the use in a disciplinary proceeding of testimony resulting from respondent's immunity from prosecution therefor. The Fifth Amendment proscribes compelled testimony in "any criminal case". Although forfeiture proceedings have been held to be in the nature of criminal proceedings (*Plymouth Sedan* v. *Pennsylvania,* 380 U. S. 693), it has not been held that a disciplinary proceeding is in the nature of a criminal cause. The constitutional question respondent belatedly seeks to revive does not affect the charges based on the contempt adjudication against the respondent (*Ungar* v. *Sarafite,* 376 U. S. 575) and respondent's contumacious conduct in the trial of *People* v. *Jack* (12 N Y 2d 721) heretofore sustained (*Matter of Ungar,* 25 A D 2d 322, app. dsmd. 18 N Y 2d 690, cert. den. 385 U. S. 1006). and are sufficient to warrant disbarment. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.