Van Voorhis, J.
On March 3, 1965 appellant Landon Zuckerman was disbarred and appellant Sam Haber was suspended from the practice of law for a period of five years (23 A D 2d 825.) Charges numbered 5-B, 5-F and 5-H were sustained against both defendants and charge 5-A was sustained as to Zuckerman only. The other charges were dismissed. Motions for leave to appeal to this court were denied July 9, 1965 (16 N Y 2d 482, 483). On February 13, 1967 the United States Supreme Court granted certiorari, vacated the order of the Appellate Division and remanded the case to that court “ for reconsideration in light of Spevack v. Klein, 385 U. S. 511.” (386 U. S. 15.) The mandate of the Supreme Court stated that this was done in order that such proceedings might be had “ as accord with right and justice, and the Constitution and laws of the United States ”. On March 20, 1967 the Appellate Division, without notice to Zuckerman or Haber, or opportunity to them to be heard, dismissed charge 5-A against Zuckerman and sustained charges 5-B, 5-F and 5-H against both. That was the same disposition which had been made by the Appellate Division before review by the Supreme Court, except that charge 5-A was dismissed against Zuckerman and he, also, was suspended for five years instead of being disbarred. (27 AD 2d 848.)
On appeal to this court, we reversed the order of the Appellate Division for lack of due process in not affording an opportunity *435 to ¡be heard (19 N Y 2d 977, 978) in the following memorandum:
“ The reversal by the United States Supreme Court of the orders in these disciplinary proceedings, with remand to the Appellate Division, leaves room for interpretation. Consequently due process required notice to appellants and opportunity to be heard before the determinations were made by the Appellate Division culminating in the order of suspension entered March 20, 1967, from which this appeal is taken.
* ‘ The order appealed from should be reversed and the matter remanded to the Appellate Division for further consideration upon notice to appellants and after they shall have had opportunity to be heard as above mentioned. ’ ’
After a hearing — no further evidence was offered — the Appellate Division entered an order on July 10,1967 to the same effect as its order of March 20, 1967. (28 A D 2d 907.) Haber and Zuckerman now appeal from that order of July 10, 1967.
The main argument which is addressed to us is that the charges which were sustained (5-B, 5-F, 5-H) were based, in part, at least, upon disclosures made by Haber and Zuckerman under the compulsion of Cohen v. Hurley (366 U. S. 117) which held that an attorney might be disbarred for refusing to testify in a disciplinary proceeding as a result of invoking his privilege against self incrimination under the Fifth Amendment to the Constitution of the United States. Cohen v. Hurley was overruled by Spevack v. Klein (385 U. S. 511) on the basis that Cohen v. Hurley could not have been decided as it was if the applicable portion of the Fifth Amendment had then been held to have been mandated on the States by the Fourteenth Amendment, as it was subsequently held to be in Malloy v. Hogan (378 U. S. 1). Spevack v. Klein decided that a lawyer could not be disciplined on the ground that he had failed to co-operate with the court by remaining silent when questioned concerning his professional conduct if he invoked the Fifth Amendment. In Garrity v. New Jersey (385 U. S. 493), decided at the same time with Spevack, police officers were convicted of crime on the basis of statements which they made regarding their official conduct in a State which had a statute providing that a public employee should be removed from office if on Fifth Amendment grounds he refuses to answer any material question before any commission or body which has the right to inquire about matters relat *436 ing to his office or employment. It was held that the existence of that statute coerced these police officers into failing to invoke the Fifth Amendment and that, therefore, what they said in answer to official inquiries should not have been admitted into evidence against them in a criminal prosecution.
Garrity v. New Jersey was not cited in the Per Curiam opinion by the Supreme Court in Zuckerman and Haber. (386 U. S. 15.) The remand to the Appellate Division was “ for reconsideration in light of Spevack v. Klein” not Garrity v. New Jersey. This is understandable, inasmuch as Garrity involved the review of criminal convictions of public officers — which these appeals do not — whereas Spevack concerned disciplinary proceedings for professional misconduct of an attorney who was a private citizen, which Zuckerman and Haber are.
The Appellate Division, by the order now appealed from, evidently construed the Supreme Court determination as requiring the dismissal only of charge 5-A against Zuckerman, which charged his failure to co-operate with the Appellate Division by invoking the Fifth Amendment insofar as the production of his records was concerned which might have tended to incriminate him in connection with impending charges of income tax evasion by the Internal Revenue Service. Overruling of Cohen v. Hurley eliminated that specification as a' charge of professional misconduct.
The charges which were sustained by the Appellate Division after reversal by the Supreme Court are that both appellants submitted misleading, exaggerated and false medical bills arid statements covering lost time and earnings of clients for the purpose of inducing various insurance companies to part with money in reliance thereon (5-B); that both built up medical bills for submission to insurance companies by referring claimants with simple injuries to a succession of medical specialists without communication with their attending physicians (5-F).; and that both, in violation of the Canons of Ethics, used investigators to obtain signed retainers, to obtain statements from adverse parties represented by attorneys and to obtain the clients’ signatures on blank forms for the appointments of guardians-ad litem (5-H).
There is evidence to sustain those charges. Appellants now contend that sustaining them wholly or partly on the basis of *437 data submitted by Zuckerman and Haber is unconstitutional under the holding of the Supreme Court in their case in the light of Spevack and Garrity. Haber made his disclosures without making any claim of privilege under the Fifth Amendment. He excused his omission to produce certain partnership papers for the reason that he had delivered them to Zuckerman, who had them in his possession. Zuckerman objected to disclosure of records, invoking the Fifth Amendment, insofar as they related to his income tax status. No objection appears to have been made in Garrity to disclosure of incriminating information, evidently for the reason that to have taken such an objection would have forfeited their public offices as policemen under the terms of the New Jersey statute. If Zuckerman’s and Haber’s constitutional contention be correct on this appeal, it might be argued with some force that neither of them was obliged to object in order to raise the point, inasmuch as making that objection could have resulted automatically in their disbarment for so long as Cohen v. Hurley remained the law. It may well be that if Zuckerman or Haber had been prosecuted for crime, any disclosures made in their disciplinary proceedings would have to have been excluded from evidence in the criminal action following the precedent of Garrity v. New Jersey. Likewise, under Spevack v. Klein, neither of them could have been suspended or disbarred merely for the reason that he had invoked the Fifth Amendment. Neither of those things has occurred. They made disclosure of facts which, in combination with other evidence, have been held to sustain charges 5-B, 5-F and 5-H. They take the position, to which they are driven by the logic of their own contention, that every lawyer has been unconstitutionally disbarred or suspended who has made disclosure of his professional conduct in disciplinary proceedings after the decision of the Supreme Court in Cohen v. Hurley and before its decision in Spevack v. Klein. They point out that the Supreme Court reversed the suspension of Haber as well as the disbarment of Zuckerman, even though Zuckerman alone had been found to have refused to co-operate by invoking the Fifth Amendment (5-A). It is said that unless the Supreme Court agreed with appellants’ present argument in this court, it would have affirmed the suspension of Haber and reversed the disbarment of Zuckerman,
*438 It is more likely, perhaps, that the reversal of the disciplinary measures imposed upon each was due to the thought that since the order had to be reversed as to Zuekerman (because of the overruling of Cohen v. Hurley) fairness dictated that Haber should be given another chance also. They had been partners, they were disciplined by a single order, and the Supreme Court may have considered that the Appellate Division might have punished Haber less severely than it had done if the punishment of Zuekerman were to have been less severe.
The Fifth Amendment relates to self incrimination on charges of crime. Disciplinary proceedings for professional misconduct are civil in nature (Matter of Phillies, 17 A D 2d 93, and cases cited; mot. for Iv. to opp. den. 12 N Y 2d 645). It is sufficient protection to a lawyer in such a situation that he could not be prosecuted for crime on the basis of disclosures which he might have made in a disciplinary proceeding while Cohen v. Hurley remained the law. The Fifth Amendment states that no person “ shall be compelled in any criminal case to be a witness against himself” (italics supplied). These men have made the disclosures which have contributed to the disciplinary measures which have been imposed upon them. They are not charged with crime. “ The [State] Constitution says that no person ‘ shall be compelled in any criminal case to be a witness against himself ’ (Canst., art. I, sec. 6). A proceeding looking to disbarment is not a criminal case (Matter of Handel, supra [158 N. Y. 216]). We do not suggest that the witness is protected by the Constitution only when testifying in the criminal courts. The law is settled to the contrary. But to bring him within the protection of the Constitution, the disclosure asked of him must expose him to punishment for crime.” (Matter of Rouss, 221 N. Y. 81, 86, Cardozo, J.) The evidence which these appellants produced before the Referee cannot be used against them in any criminal proceeding. They had no privilege against making disclosure usable only in a disciplinary proceeding. The constitutional privilege applies only in the case of evidence which might be used against them in a criminal case under the language of the Fifth Amendment. Haber and Zuekerman may have thought that unless they produced this evidence that they would be disbarred under Cohen v. Hurley, but neither Garrity nor *439 Spevack confers upon them a constitutional privilege to withhold evidence which cannot lead to criminal prosecution and bears only upon their right to continue to practice law.
Lawyers are officers of the court and their professional conduct is subject to the supervisory and corrective powers of the Appellate Division (Judiciary Law, § 90; Matter of Kaufmann, 245 N. Y. 423, 432; Matter of Dolphin, 240 N. Y. 89; Matter of Flannery, 212 N. Y. 610). They are not required to invoke the Fifth Amendment to the Constitution of the United States but may choose to reveal their professional conduct to the scrutiny and evaluation of the Appellate Division when its propriety is drawn in question. To determine whether they have been motivated in doing so by the holding in Cohen v. Hurley prior to the decision in Spevack v. Klein or by other reasons would be a speculative inquiry, incapable of and unsuitable to being resolved as a question of fact. It would simply mean that every lawyer who has been censored, suspended or disbarred during the interval between the two Supreme Court cases cited would be entitled to have his disciplinary order overruled wherever the court has retained jurisdiction.
The order appealed from should be affirmed, without costs.