Richard A. NAPOLITANO, Plaintiff,

v.

No. 70 C 1597.

United States District Court,
N. D. Illinois, E. D.

Aug. 5, 1970.

John E. Cassidy, Jr., Peoria, Ill., James P. Chapman, Chicago, Ill., for plaintiff.

Frank J. McGarr, First Asst. Atty. Gen., State of Illinois, for defendants.

## MEMORANDUM OPINION AND ORDER

PERRY, District Judge:

Plaintiff Richard A. Napolitano was removed from the office of Cook County Circuit Judge by the Illinois Courts Commission on July 14, 1970. The instant action, founded on the Civil Rights Act, 42 U.S.C. § 1983, names as defendants the members of said Courts Commission and other State officials and charges that plaintiff's removal violated constitutionally protected rights. Presently before the court is plaintiff's motion for a preliminary injunction to prevent the nomination of judicial candidates to fill the vacancy caused by his removal. The last day on which such nominations can be made is August 11, 1970.

■ The factors to be considered in determining whether or not preliminary equitable relief shall issue are by now well established. The court must consider whether the injury complained of is irreparable, Crossbow, Inc. v. Glovemakers, Inc., 265 F.Supp. 202, 205 (N.D.Ill. 1967), whether the plaintiff is likely to prevail on the merits, Tele-Controls, Inc. v. Ford Industries, Inc., 388 F.2d 48, 50 (7th Cir. 1967), whether the temporary relief requested is equivalent to that ultimately sought, Blaich v. National Football League, 212 F.Supp. 319, 320 (S.D. N.Y.1962), and whether the effect of an injunction would be to alter, rather than preserve, the status quo, Local 453, Int'l Union of Electrical, Radio and Machine Workers v. Otis Elevator Co., 201 F. Supp. 213, 215 (S.D.N.Y.1962). Assuming that the injury plaintiff will suffer absent a preliminary injunction is irreparable, this court has concluded that the other pertinent factors weigh so heavily against the exercise of equitable powers at this time that the motion for a preliminary injunction must be denied.

With regard to the likelihood that plaintiff will prevail on the merits, it appears that he raises four independent constitutional issues. His first contention, that the standard for removal of judges set out in Article VI, Section 18 of the Illinois Constitution, S.H.A. is unconstitutionally vague and overbroad, was decided adversely to him by a three judge court on July 31 of this year.

Plaintiff's second constitutional challenge is that his removal violated the Fifth Amendment because it was based in part on the fact that he invoked the privilege against self-incrimination when called to testify before a Sangamon County grand jury in January, 1970. But it has never been the law that no consequences may attend the exercise of this privilege. See Harlan, J., dissenting in Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967). And although that case established that an attorney may not be disbarred for invoking this privilege, the law is different with regard to removal of public employees. In Gardner v. Broderick, 392 U.S. 273, 278, 88 S.Ct. 1913, 1916, 20 L.Ed.2d 1082 (1968), the Court stated that the Spevack rule was inapplicable to a policeman:

> "If appellant, a policeman, had refused to answer questions specifically, directly, and narrowly relating to the performance of his official duties * * * the privilege against self-incrimination would not have been a bar to his dismissal."

The rationale given for this distinction, that a policeman as a public employee owes his entire loyalty to the state, whereas an attorney does not, is equally applicable to a judge.[1] The pub-

---

1. Although In re Holland, 377 Ill. 346, 36 N.E.2d 543 (1941), can be read to mean that a judge cannot, consistently with the Illinois Constitution, be disciplined for exercising his privilege against self-incrimination, the Court was there concerned with suspension of Holland as an attorney rather than as a judge. And of course a state court's interpretation of

lic has a right to inquire whether a member of its judiciary, invested with a public trust, is worthy of that trust. And although the state may not draw an inference of guilt from his exercise of his constitutional right of silence, it may rightfully be dismayed at the lack of candor and cooperation manifested thereby.

■ The spectacle of a judge invoking the Fifth Amendment is not a pretty one, for a judge owes an obligation to cooperate in promoting enforcement of the law. Unwillingness to fulfill that duty, as shown by reluctance to aid in a grand jury investigation of suspected criminal activity, may properly be considered to be evidence of a disregard for this obligation. See In Re Sarisohn, 27 A.D.2d 466, 280 N.Y.S.2d 237, 243 (1967), rev'd. on other grounds, 21 N.Y. 2d 36, 286 N.Y.S.2d 255, 233 N.E.2d 276, holding that a judge's refusal to answer questions at a removal proceeding constitutes cause for removal.

After plaintiff exercised his privilege against self-incrimination, he was granted immunity from prosecution based on any testimony he might give thereafter before the grand jury. His third allegation of a constitutional violation is that reliance upon his testimony as establishing cause for his removal violated his privilege against self-incrimination. But the Fifth Amendment in terms states only that "(n)o person shall be compelled in any criminal case to be a witness against himself * * *," and it seems apparent that the Courts Commission proceedings do not qualify as a "criminal case." The Commission is not empowered to impose either imprisonment or a fine; its authority is limited to suspending or removing a judge from office. See Article VI, Section 18 of the Illinois Constitution. See also, In Re Damisch, 38 Ill.2d 195, 206, 230 N.E.2d 254 (1967), holding that a disciplinary proceeding as applied to an attorney "is not a criminal prosecution." And see

Bar Association of Erie County v. Gelman, 285 N.Y.S.2d 691 (S.Ct.App.Div. 1967), which is to the same effect.

Plaintiff has cited no authority for the proposition that testimony given under a grant of immunity from prosecution may not be used in a disciplinary or removal proceeding. And what authority does exist is to the contrary. In Re Ungar, 282 N.Y.S.2d 158 (S.Ct.App.Div. 1967), In Re Selig, 32 A.D.2d 213, 302 N.Y.S.2d 94 (S.Ct.App.Div.1969) and In Re Klebanoff, 21 N.Y.2d 920, 289 N.Y.S. 2d 755, 237 N.E.2d 75 (Ct. of App.1968), all held that testimony given by an attorney before a grand jury pursuant to a grant of immunity may constitute a basis for taking disciplinary action. And Zuckerman v. Greason, 20 N.Y.2d 430, 285 N.Y.S.2d 1, 231 N.E.2d 718 (Ct. of App.1967), held that testimony given by an attorney at a disciplinary hearing, although constitutionally inadmissible in a criminal prosecution, could be used as a basis for taking disciplinary measures.

■ Taken together, plaintiff's self-incrimination arguments amount to the claim that he can be removed neither for exercising the privilege nor for conduct to which he admitted when the privilege was protected by a grant of immunity. In effect, he is arguing that he has a federal right to remain as a judge regardless of his conduct. But there is no constitutional right to public office, United States v. Field, 193 F.2d 92, 106 (2d Cir. 1951) (separate opinion of Frank, J.), and "(t)here is no divine right of judges to flout the law." Jenkins v. Oregon State Bar, 241 Or. 283, 405 P.2d 525, 529 (1965).

Plaintiff's fourth constitutional challenge is that the Commission based its decision on "ancestoral, ethnic and vocational associations" in violation of the equal protection clause of the Fourteenth Amendment. This is a serious charge and yet no facts are cited to support it nor has any evidence whatever been adduced to substantiate it.

that state's constitutional privilege against self-incrimination is not binding on a

federal court when presented with questions of federal constitutional law.

One final point bears mention with regard to consideration of whether plaintiff is likely to prevail on the merits. 28 U.S.C. § 2283 provides that, except in specified instances, "(a) court of the United States may not grant an injunction to stay proceedings in a State court." There appears to be a substantial question whether Courts Commission proceedings qualify as "proceedings in a State court" and, if so, whether the relief requested falls under the statute's prohibition.

Based upon the foregoing analysis, this court has concluded that there is little likelihood that plaintiff will prevail upon a final hearing.

It is also significant that the preliminary relief requested is virtually equivalent to that ultimately sought, and would operate to disturb the status quo. For the injunction requested would prevent the nomination of candidates to fill plaintiff's former office and might well extend the vacancy beyond the time set for the next election. No sufficient reason has been advanced to justify this serious disruption of the State's electoral machinery.

For the reasons stated herein, this court finds that plaintiff has failed to demonstrate sufficient justification for the requested relief. The motion for a preliminary injunction is denied.