367 So.2d 179 (1979)
MISSISSIPPI STATE BAR
v.
ATTORNEY-RESPONDENT[1] IN DISCIPLINARY PROCEEDINGS.
Misc. No. 884.
Supreme Court of Mississippi.
January 31, 1979.
*180 Jimmy L. Miller, Jackson, for appellant.
No Name of attorney to be reported for the attorney-respondent.
En Banc.

ON MOTION TO QUASH SUMMONS AND SUBPOENA DUCES TECUM
WALKER, Justice, for the Court:
This is on motion to quash a summons and subpoena duces tecum. The summons and subpoena duces tecum were issued by the complaint counsel of the Mississippi State Bar pursuant to Mississippi Code Annotated section 73-3-307 (Supp. 1978). This statute provides:
Each of the disciplinary agencies is hereby given such jurisdiction and lawful powers as are necessary to conduct a proper and speedy disposition of any complaint. The power to summons and examine witnesses under oath and to compel their attendance to take or cause to be taken the deposition of witnesses and to order the production of books, papers, records and other documentary evidence necessary or material to the investigation or complaint shall be coequal to the powers exercisable by the courts of record of this state. All summonses or subpoenas shall be issued by the clerk of the court, and it shall be the duty of any person so summoned to appear and testify as in the writ commanded and to produce the books, papers, records or other documentary evidence required. Summonses and subpoenas issued by the clerk of the court shall be delivered to the sheriff of the county where they are to be executed, and the sheriff shall serve such writs and notices, or cause them to be served, as he is required to do with respect to writs received by him from any other court of record.
Any defiance of any summons or subpoena so issued, or other extrajudicial conduct which shall inhibit, impede or disrupt any of the above disciplinary agencies in the performance of the duties and in the exercise of the powers herein given shall be treated as contempt of the court and punishable accordingly.
The summons and subpoena duces tecum required the respondent-attorney to appear at a hearing before the counsel for the committee on complaints, and to bring with him any written documents concerning his representation of the client who had filed the original complaint.
The attorney filed a motion to quash the summons and subpoena duces tecum. The motion was set for a hearing before a Justice of the Supreme Court. After hearing and careful consideration, we quash the summons and subpoena duces tecum.
A client filed a complaint against the attorney with the complaints committee of the Mississippi State Bar. The complaint which was properly signed and attested, pursuant to Mississippi Code Annotated section 73-3-309 (Supp. 1978), stated:
That I went to [the attorney] for a divorce, and Bankrupcy (sic), and he told me to start the divorce off I had to pay $150.00 so I did. $75.00 for my divorce and $75.00 for the Bankrupcy (sic) he had been my attorney once before. So he had me to go to the Court room for a hearing on the eight (sic) of Oct. he didn't show up neither did my husband. He never recived (sic) a summons from [the attorney] at all, he write a receipt for the hundred and fifty dollars. My sister was with me as my witness. I even showed the receipt to my Rent man ... . and I need my money back. I am living alone, i borrow (sic) the money from my Rent Man ... to give him.
The committee on complaints referred the complaint to the complaint counsel for further investigation.
Subsequently, counsel sent a letter by registered mail to the attorney (and a copy to complainant) advising him of the complaint, the forthcoming investigation, and other information. The attorney then responded through his retained counsel by *181 letter confirming complaint counsel's agreement to postpone the scheduled hearing, and waiving the attorney's right to the timing requirements of Mississippi Code Annotated section 73-3-317 (Supp. 1978).
Subsequently, the attorney requested photocopies of all evidence against him including the receipt mentioned in the complaining client's affidavit pursuant to Mississippi Code Annotated section 73-3-313 (Supp. 1978).
Complaint counsel requested the receipt from the complaining client. However, after several weeks he had received no response. He then filed a report with the complaints committee giving the status of the investigation. The attorney responded to this report urging that the complaint be dismissed since there was not reasonable ground to believe that he had been guilty of unprofessional conduct. Alternately, he argued the complaint did not state a cause of action, and that the complaint should be dismissed since the complaining client had not responded to requests for further information, particularly the receipt involved.
Approximately a month later, complaint counsel was notified that the committee had rereferred the matter back to him for further investigation. The referral ordered complaint counsel to determine the following information and to use the subpoena power to do so if necessary.
a. The existence of a receipt given by [the attorney to the client,] representing partial payment of fee;
b. Date of filing of divorce in [the client's Name] if one was filed;
c. How [the client] was notified to come to court;
d. Any correspondence between [the attorney] and [the client].
Complaint counsel notified the attorney of the rereferral and in the letter requested:
1. A response [by the attorney] to the complaint, attached as Exhibit 1 to Complaint Counsel's report on this matter.
2. A response by [the attorney] to the questions attached as Exhibit 2 to Complaint Counsel's report on this matter.
3. Copies of any and all receipts held by [the attorney] regarding funds received by him from [the client].
4. Copies of any and all pleadings, including divorce and bankruptcy, filed by [the attorney] on behalf of [the client].
5. A statement from [the attorney] regarding how [the client] was advised to appear in court at the divorce hearing.
The letter also stated:
If the above mentioned information is not provided within fifteen days of this letter, Complaint Counsel will issue process necessary to procure same.
[The attorney] responded, and in his letter stated:
Under Mississippi Code of 1972, § 73-3-313 (1977) Supplement), [the attorney] is entitled to a copy of the complaint and any evidence supporting it, as the initial step in any such proceedings and before any response is required of him.
Therefore, [the attorney] respectfully requests that he be forwarded copies of any and all receipts which [the client] claims [the attorney] may have signed and copies of any and all pleadings or other papers which [the client] contends [the attorney] to have signed or delivered to her. Upon receipt of these, [the attorney] will prepare and forward to you his response.
Subsequently, the summons and subpoena duces tecum, which are the subject of the motion to quash, issued.

I.
Specifically, the issue presented on the facts is whether under our statutes the complaint counsel has the authority to have issued a summons and subpoena duces tecum to an accused attorney when the proceedings are in the investigatory stage and prior to the filing of a formal complaint by the complaints committee. We think not.
*182 While Mississippi Code Annotated section 73-3-307 (Supp. 1978) authorizes a general power to issue summons and subpoena duces tecum, it does not prescribe with any particularity when or under what circumstances the power arises. However, analysis of that statute in the light of the other statutes governing disciplinary proceedings indicate that the legislature did not contemplate forced cooperation by an attorney in the investigative stages. Rather the more practical interpretation of the statutory wording would appear to be that the legislative intent was merely to insure that the attorney would have notice and the opportunity to be heard, if he desired, during the investigative stage.
The applicable statutory procedures require that any complaints "shall be referred to the committee on complaints for preliminary investigation and such disposition or further action as may be appropriate." Miss. Code Ann. § 73-3-309 (Supp. 1978). Another section, 73-3-311 providing for action to be taken upon receipt of complaint or charge requires that the committee:
(a) Cause the complaint or charge to be filed and docketed with the executive director of the Mississippi State Bar.
(b) Screen the complaint or charge for merit or the lack thereof, if such determination can be made from the allegations of the complaint and any accompanying documents; and
(c) Dismiss any frivolous or ill-grounded complaint or one obviously without merit; or
(d) Refer the complaint to complaint counsel for further investigation, hearing and report.
Once referred to complaint counsel, the counsel must:
... immediately investigate the complaint; and upon completion of his investigation, excluding the investigatory hearing, he shall inform the accused attorney that a complaint has been filed against him and that he is under investigation, advise the accused attorney of the general nature of the charges, furnish him a copy of the complaint and any evidence supporting it, afford the accused attorney a hearing, and advise the attorney of the time and place of such hearing. Communications and notices to the accused attorney shall be transmitted by registered or certified mail, return receipt requested, and marked "Deliver to Addressee Only." (Miss. Code Ann. § 73-3-313).
This statute rather than speaking in terms of mandatory appearance, says "afford the accused a hearing." Further the following statute, section 73-3-315 on "Rules Governing Investigatory Hearings" states in part:
(b) The accused attorney has no right to be present at any stage of the investigatory hearing, either in person or by counsel, except complaint counsel shall afford him an opportunity to make a statement, either personally or by counsel, verbally or in writing, refuting or admitting the alleged misconduct and to offer any matter in mitigation or extenuation. The accused attorney may document his statement to include the admission of affidavits but shall not have the right to present other testimony or evidence and shall have no right to confrontation.
(c) The investigatory hearing shall neither be public nor assume the character of an adversary proceeding, and a full evidentiary hearing on the merits is not contemplated.
(d) Formal rules of evidence will not be applied.
(e) Investigation by complaint counsel will not be stayed by settlement, compromise, admission of guilt or restitution.
(f) Any attorney called as a witness shall be informed before he gives evidence as to whether he is under investigation and, if so, the nature of the charges against him.
(g) Testimony will not be elicited or received which is not germane to the charges being investigated by complaint counsel.
*183 Again, the statutory language is in terms of "opportunity" to be heard and the language expressly bars the notion of "adversary proceedings" and by implication would bar any compulsion at this stage.
This construction of the statutory intent is reinforced by the language of the following statutes. Section 73-3-317 provides that after investigation complaint counsel shall file a report to the complaints committee and that the accused attorney shall have ten days to file a written response. The following section 73-3-319 provides that in determining what further action to take the committee should review the complaint counsel's report and "any written response by the accused attorney."
Again, the quoted language indicates the reply is voluntary and intended to meet the due process requirement of notice and opportunity to be heard. See In Re Ruffalo, infra, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968).
Thus, based on statutory intent, as opposed to Fifth Amendment privilege grounds, we hold that an attorney may not be compelled to testify at a hearing in the investigatory stages of a bar disciplinary proceeding nor may he be compelled to respond to a subpoena duces tecum prior to the filing of a formal complaint against him by the complaints committee.

II.
Notwithstanding our holding on statutory grounds, in the interest of future understanding of the new disciplinary rules and judicial economy, we now address the issues presented by the briefs.
The attorney argues that the summons and subpoena duces tecum should be quashed because compliance would be an invasion of his privilege against self-incrimination. He relies upon Spevack v. Kline, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967).
Complaint counsel argues the summons and subpoena should be enforced since the privilege against self-incrimination goes to criminal actions and a bar disciplinary proceeding is not a criminal action. He relies primarily on Spevack, supra; In Re Daley, 549 F.2d 469 (7th Cir.1977); and Segretti v. State Bar, 15 Cal.3d 878, 126 Cal. Rptr. 793, 544 P.2d 929 (1976).
The threshold question presented is whether the Fifth Amendment privilege is applicable to disciplinary proceedings. Prior to the decision in Spevack, it was generally agreed, albeit for different reasons, that testimony of an attorney in professional disciplinary proceedings could be compelled. Cohen v. Hurley, 366 U.S. 117, 81 S.Ct. 954, 6 L.Ed.2d 156 (1961) held that the Federal Fifth Amendment privilege was not applicable to the states for the purposes of disciplinary proceedings and the state constitutional privilege was construed not to apply; People ex rel. Karlin v. Culkin, 248 N.Y. 465, 162 N.E. 487 (1928) holding disciplinary proceedings are administrative in the nature of a grand jury hearing and testimony may be compelled; Rubin v. State, 194 Wis. 207, 216 N.W. 513 (1927) holding proceedings were not criminal, and the court has inherent power to police the profession. See also Petition for Disbarment of J.R. Poole, 222 Miss. 678, 76 So.2d 850 (1955) holding the practice of law is not a constitutional right but a revocable privilege.
In 1966, the Supreme Court in Spevack overruled the Cohen decision and arguably held that the Fifth Amendment privilege against self-incrimination was applicable to attorney disciplinary proceedings.
However, the precise holding of Spevack was that an attorney could not be disbarred solely for relying on his privilege against self-incrimination and refusing to honor a subpoena duces tecum.
The rationale upon which the case was based is that to disbar an attorney for claiming his privilege would place the attorney in the position of either being disbarred or necessarily waiving the privilege.
Some subsequent cases have assumed without in depth analysis that Spevack is authority for the proposition that a disciplinary proceeding is primarily a criminal proceeding. See Erdman v. Stevans, 458 F.2d *184 1205 (2nd Cir.1972). This result apparently comes from dictum in Spevack stating "`penalty' is not restricted to fine or imprisonment," 385 U.S. at 515, 87 S.Ct. at 628, and language in In Re Ruffalo, supra, characterizing attorney disciplinary proceedings as "adversary proceedings of a quasi-criminal nature" for the purpose of due process rights. (390 U.S. at 551, 88 S.Ct. at 1226). From this, respondent apparently argues that by analogy to a defendant in a criminal trial an attorney may not be compelled to testify at a disciplinary hearing.
On the other hand, most courts, both state and federal, have not gone so far as to characterize a disciplinary hearing as "criminal" with the full panoply of constitutional rights applicable.
Some courts, since Spevack, have expressly determined disciplinary hearings are not criminal in nature. In Re March, 71 Ill.2d 382, 17 Ill.Dec. 214, 376 N.E.2d 213 (1978) holding the Fifth Amendment is inapplicable to disciplinary proceedings since they are remedial rather than criminal in nature; In Re Daley, 549 F.2d 469 (7th Cir.1977) cert. denied, 434 U.S. 829, 98 S.Ct. 110, 54 L.Ed.2d 89 (1977) holding that testimony given under immunity in a grand jury hearing may be utilized in a disciplinary proceeding since such is not a criminal proceeding. One court has held attorney disciplinary proceedings to be civil in nature. Zuckerman v. Greason, 20 N.Y.2d 430, 285 N.Y.S.2d 1, 231 N.E.2d 718 (1967), cert. denied, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985, rehearing denied, 390 U.S. 975, 88 S.Ct. 1031, 19 L.Ed.2d 1196.
Other courts, while conceding there are penal aspects which give the hearing a quasi-criminal nature, have refused to afford an attorney the full constitutional rights that a defendant would have in a criminal trial. Comm. on Legal Ethics v. Pence, 240 S.E.2d 668 (W. Va. 1977) holding there is no constitutional right to appointed counsel in disciplinary proceedings; In Re Baun, 395 Mich. 28, 232 N.W.2d 621 (1975) holding that while an attorney must be allowed to plead the Fifth to specific questions, he can be compelled to take the witness stand and to answer non-incriminating questions; Sternberg v. State Bar of Michigan, 384 Mich. 588, 185 N.W.2d 395 (1971) holding that the possibility an attorney's testimony in disciplinary proceeding could be used against him in a pending criminal action did not entitle him to a stay of disciplinary proceedings; Farnham v. State Bar, 17 Cal.3d 605, 131 Cal. Rptr. 661, 552 P.2d 445 (1976) holding it not reversible error for complaint counsel to remark on attorney's failure to respond to discovery procedures.
Still other courts have analyzed the issue in more depth and have focused on the purpose for the privilege rather than the setting in which the privilege is invoked. In Zuckerman v. Greason, the New York Court of Appeals pointed out that "The constitutional privilege applies only in the case of evidence which might be used against them in a criminal case... ." (285 N.Y.S.2d at 6, 231 N.E.2d at 721). See also Kelly v. Greason, 23 N.Y.2d 368, 296 N.Y.S.2d 937, 244 N.E.2d 456 (1968). That court then went on to hold that since the evidence there could only be used in the disciplinary hearings, there was no violation of the Fifth Amendment.
Still other cases have approached the matter by assuming the privilege applies in a disciplinary hearing but holding that testimony may be compelled if the attorney is given immunity from any criminal prosecution based on that testimony. Some courts hold the grant of immunity is automatic. See Fowler v. Vincent, 366 F. Supp. 1224 (S.D.N.Y. 1973), while other courts hold the immunity is to be granted on a case-by-case hearing. In Re March, 71 Ill.2d 382, 17 Ill.Dec. 214, 221, 376 N.E.2d 213, 220 (1978).
Careful analysis of Spevack and In Re Ruffalo shows that in neither case was it intended to create the inference that the Fifth Amendment or other constitutional rights were to apply with full force as in a criminal trial.
The issue presented in Spevack was not whether an attorney could be compelled to testify at a disciplinary hearing. Nor was there any issue as to the validity of the assertion of the privilege. The attorney in *185 Spevack was not compelled to testify, rather he was disbarred because he made a valid assertion of the right. The holding in Spevack was that an attorney may not be disbarred simply because he made a valid assertion of the privilege. The rationale was that to disbar attorneys if they plead the Fifth Amendment would cause them to involuntarily waive the privilege. From Spevack, it is clear that attorneys may not be punished simply for asserting their privilege as other individuals do. The case, however, does not equate a disciplinary hearing with a criminal proceeding.
Similarly in In Re Ruffalo, where the United States Supreme Court classified disciplinary proceedings as quasi-criminal, there was no intent to equate them with criminal trials for all purposes. In Re Ruffalo was a due process case and the Court simply reiterated what it had held on previous occasions; that in any proceeding where there is the possibility of deprivation of property or liberty, due process demands notice, and the opportunity to be heard.
Thus, neither Spevack nor In Re Ruffalo held that a disciplinary hearing is the equivalent of a criminal trial. Both, however, recognized that due to the severity of possible punishment due process demands that the proceedings be conducted with regard to the attorney's rights of notice and opportunity to be heard.
We think it is clear that the Fifth Amendment privilege is available in a proper instance, but not on a blanket basis as asserted by respondent. Except for criminal trials, the purpose for the privilege controls its applicability rather than the forum in which it is asserted.
The constitutional language is: "No person ... shall be compelled in any criminal case to be a witness against himself... ." (United States Constitution, Amendment V).
A disciplinary proceeding held pursuant to a formal complaint filed by the complaints committee, while concededly having penal elements, is not a criminal case. Thus a disciplinary forum does not require blanket immunity as in a criminal case where the defendant may not even be compelled to take the witness stand. In a disciplinary proceeding the respondent attorney may be compelled to appear and take the witness stand.
Nevertheless, given the gravity of the situation and the serious consequences, the attorney, having taken the witness stand, may, on a question-by-question basis, make valid assertion of the Fifth Amendment privilege as to those questions which would tend to incriminate him of a state or federal criminal offense.
We make no comment on the availability of compelled testimony based on a grant of immunity, since that question is not now before this Court. Nor do we decide if the confidentiality of the disciplinary hearing required by statute is in and of itself such protection from use in a criminal trial as to allow for compelled testimony. That issue was not argued to this Court.
Therefore, for the reasons stated in Part I of this opinion, the motion of the attorney to quash the subpoena duces tecum and the summons to appear before the complaint counsel for an investigatory hearing is sustained.
MOTION TO QUASH THE SUBPOENA DUCES TECUM AND SUMMONS SUSTAINED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] The attorney's name is not used throughout the opinion due to the confidentiality requirement of Mississippi Code Annotated section 73-3-343 (Supp. 1978).