ESSEX STORAGE ELECTRIC COMPANY, INC. *v.* VICTORY LUMBER COMPANY.

October Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 28, 1921.

*Public Service Commission—Remand to Fix New Time of Payment—Interest on Award of Damages in Condemnation Proceedings—Statute Giving Interest Controls—Change in Law Presumed from Amendment of Bill Pending in Legislature —Statute Leaves to Commission Matter of Interest—Award Bears Interest from Date of Payment When Commission Has not Acted.*

1. On the remand of an award of damages by the Public Service Commission in condemnation proceedings with mandate that a new time of payment be fixed, an order by the commission in the

form of an award, that the stated amount of damages should be paid on or before a certain date, was not an award of damages, but merely an order fixing, in accordance with the mandate, a new time for the payment of the damages originally awarded; that award not having been vacated by the appeal.

2. Where interest is given by statute on an award of damages in condemnation proceedings, the particular statute giving it controls, and the question becomes one of construction.

3. Where the statute does not, in express terms, make interest payable on an award of the commissioners, and their award did not bear interest by virtue of its language, the commissioners, in fixing a new time of payment under the mandate, had no authority to fix the date when interest should begin to accrue on the award.

4. The general rule of construction that, when the Legislature amends a law, it is presumed that some change in it was intended, applies to the amendment of an original bill pending in the Legislature.

5. Under G. L. 4988, it was left to the Public Service Commissioners to award interest or not, according to the equities of the particular case; and where their award did not bear interest by virtue of its language, it bore interest from the original date fixed for payment under the general provisions of law, and not by virtue of the statute.

APPEAL from an order of the Public Service Commission. Essex County. The opinion states the case.

*Dunnett, Shields & Conant* for the petitioner.

*John G. Sargent, Walter S. Fenton;* and *Alfred S. Hall* for the petitionee.

MILES, J. The question here raised grows out of an order of the Public Service Commission for the payment of interest upon a sum awarded the defendant as damages in condemnation proceedings. The damages upon which the interest was ordered were adjudged to the defendant June 21, 1918, to be paid July 15, 1918, and from that award the plaintiff appealed to this Court. The award was here affirmed, and the cause remanded with mandate that a new time of payment be fixed, and such

further proceedings had as might be required, not inconsistent with the views expressed in the opinion.   93 Vt. 437.

On April 19, 1920, the Public Service Commission, in acting upon the mandate, made an order: "That, if the petitioner shall on or before the 15th day of May, 1920, pay to the treasurer of the Victory Lumber Company the sum of thirty-four thousand one hundred thirty-six dollars and fifty cents ($34,136.50), with interest thereon from the 21st day of June, 1918, the petitioner shall thereupon be the owner of the property and rights described in the original order."

From this order the plaintiff appealed, and the case comes here again, and the question now raised is as to the date when interest began to accrue on the award.   The defendant claims it began to accrue on the date of the award, June 21, 1918, under the provisions of G. L. 4988, which is as follows: "Upon the payment or deposit of the amounts awarded by the commission, with interest, in accordance with its order, the petitioner shall be the owner of the property or right described in the findings."

[1]   The plaintiff contends that under the statute interest would not begin to accrue on the award until the order was made April 19, 1920.   The plaintiff evidently mistakes the nature of that order in assuming that it was an award of damages.   Though in the form of an award, it was, in fact, merely an order fixing, in accordance with the mandate of this Court, a new time for the payment of the damages awarded June 21, 1918.   That award was not vacated by the appeal, and is the same and only award made in the case.   *Essex Storage Electric Co., Inc.* v. *Victory Lumber Company,* 93 Vt. 437, 108 Atl. 426.

[2]   Cases are cited by both parties from various jurisdictions in support of their several claims, but neither party contends that the authorities are at all harmonious upon the question here involved.   Indeed, the authorities cited by them show a great diversity of opinion upon that question resulting from the fact that condemnation proceedings differ very widely in the different jurisdictions.   In some interest is regulated by statute.   In others, where no statute exists touching the subject of interest in connection with such proceedings, and no award is made regarding that subject, interest is not always allowed, but, when allowed, it is regulated by the general law upon the subject of interest.   Where, however, interest is given by statute, the particular statute giving it should control, and the question then be-

comes one of construction.    *Brunn* v. *Kansas City,* 260 Mo. 108, 115 S. W. 446.

[3]    The statute under which the defendant claims interest does not, in express terms, make interest payable on the award of the commissioners, nor did the commissioners attempt to award interest; but instead of so doing they simply awarded damages and fixed the time of its payment, leaving the question of interest to be determined by the existing law governing that subject.    In fixing the date of payment of the award, under the mandate, the commissioners undertook to fix the date when interest should begin to accrue on the award.    This they could not do. The case was not remanded to them to enable them to revise or add to the award already made.    The limit of their authority was stated in the mandate, which merely gave them power to do such acts as were necessary to carry into effect the award already made.

If the defendant is entitled to have interest begin to run prior to July 15, 1918, the date on which the original order required payment of the award to be made, it is by force of G. L. 4988, as it claims.    In construing this section resort may be had to its legislative history.    The law of the section originated in a bill introduced in the Senate at the session of 1915, known as S. 109.    By section 7 of this bill, as originally introduced, it was provided: "Upon the payment or deposit of the amounts awarded by the commissioners, in accordance with its order, together with interest at six per cent. until such payment or deposit is made, the petitioner shall be the owner of the property or right, described in the findings."    Under this language it is clear that interest on the award would run from the date of the award. But the bill was amended in the Senate so this clause was made to read as follows: "Upon the payment or deposit of the amount awarded by the commission, with interest, in accordance with its order, the petitioner shall be the owner of the property or right described in the findings."

[4, 5]    It is a general rule of construction that when the Legislature amends a law, it is presumed that some change in it was intended.    *United States* v. *Bashaw,* 152 U. S. 436, 38 L. ed. 505, 14 Sup. Ct. 638; 36 Cyc. 1165, and note.    So with a bill pending in the Legislature; it must be taken that some change in the meaning thereof was intended, unless the contrary appears.    The only change this amendment could work in the

original bill would be to leave it to the commissioners to say whether their award should bear interest prior to the date on which it became due and payable. After that date it would draw interest under the general rule as an overdue obligation. So we conclude that the original provision, calling for interest in every case from the date of the award, was changed by the amendment so as to leave it to the commissioners to award interest or not, according to the equities of the case in hand.

Here the original order said nothing about interest. So the award did not bear interest by virtue of its language, and, as we have already seen, under the remand the commissioners had no authority to order it, and their action in awarding that interest should run from June 21, 1918, was error. Under this holding, the plaintiff's constitutional contention requires no consideration; for the award bears interest under the general provisions of law and not by virtue of the statute.

*The order of the commissioners is so altered that interest is allowed on the award from July 15, 1918, to the time of payment, and, being so altered, the same is affirmed, and remanded to the commission for a new time of payment to be fixed.*