CITY OF WINOOSKI *v.* JOHN COMPANION ET UX.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 28, 1932.

*H. A. Bailey* for the plaintiff.

*J. A. McNamara* for the defendant.

POWERS, C.J. This action is brought to recover taxes alleged to be due on a certain piece of real estate in the plaintiff city. The pleadings terminated in a demurrer to what would be at common law the plaintiff's replication. This demurrer was sustained, and the plaintiff excepted.

The merits of the controversy depend upon the meaning of G. L. 691, which provides that certain buildings erected after June 1, 1922, used and occupied exclusively as a home, may be exempted from taxation for a limited time if the town wherein they are located so votes. The building here involved was erected for occupancy, not by the owner, but by tenants to whom it was to be rented for dwelling purposes. In all other respects, it meets the requirements of the statute.

 It is a well-known rule that statutes of exemption from taxation are to be construed *strictissimi juris,* 26 R. C. L. 313, and no claim therefor can be sustained unless it comes within the letter or necessary scope of the exempting statute. *Sheldon* v. *Sheldon Poor Farm Assn.,* 100 Vt. 122, 130, 135 Atl. 492, and cases cited. Nevertheless it is the intention of the Legislature that must be ascertained and carried into effect. And it must be borne in mind that it is the property that is exempted by the statute and not the owner. From this it follows that it is the nature of its use that would, ordinarily, determine its taxability, and it was held in *Anniston City Land Co.* v. *State,* 160 Ala. 253, 48 So. 659, that constitutional exemption of property ''used'' for a certain purpose does not warrant a legislative requirement that it must be ''owned and used'' for that purpose, in order to make it exempt.

 If G. L. 691, stood alone, it might be difficult to decide that the property here in question was taxable. But on that question we express no opinion, for by No. 19, Acts of 1929, it was so amended as to provide express exemption for certain dwelling houses erected after April 1 of that year, whether for

sale or rent. It is quite apparent that, if such rented dwellings were previously exempt, this amendment added nothing to the law and was wholly unnecessary. It is a general rule of construction that, when a Legislature amends a law, it intends to change the law—the contrary not appearing. *Essex Storage Elec. Co. v. Victory Lumber Co.*, 95 Vt. 117, 120, 112 Atl. 832. Nothing being shown to indicate that this rule is not to be applied to the case in hand, we hold that by the amendatory act the Legislature intended to enlarge the exemption, and that rented dwellings were not previously covered by it.

*Judgment reversed, and case remanded.*