### In Re Estate of James R. Cartmell

[138 A2d 588]

November Term, 1957.

Opinion Filed January 7, 1958.

*Bloomer & Bloomer* for the appellant.

*William S. Burrage*, for the appellee.

**Adams, J.** This case involves an appeal from the Probate Court for the District of Addison by Dorothy Murray, hereinafter referred to as the appellant. The probate court allowed the account of the special administrator of the James R. Cartmell estate. The appellant appealed from that order to the county court and as a part of the appeal filed her objections thereto. The special administrator entered his appearance by his attorney and the executor of the estate and certain heirs also entered an appearance by their attorney. They are collectively referred to herein as the appellees.

The appellant made a motion and request in the county court for a trial by jury and at the suggestion and request of the court framed five issues for submission to the jury. Her attorney specifically stated that his client "has not and does not waive a jury trial." The appellees by their respective attorneys objected to this motion and request.

After hearing the respective attorneys at a pretrial conference, the court stated that it took the view that the case was one that should be tried or disposed of either by the court

or by reference to a commissioner. It then denied the motion for a jury trial as a matter of law and as a matter of discretion and allowed the appellant exceptions. In its discretion it passed the cause to this Court as provided in V. S. 47, §2124 for hearing and determination on the exceptions.

The sole question presented is the effect of an amendment to what was then P. L. 3016 by No. 42 of the Acts of 1941, now V. S. 47, §3100.

■■ In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature. The whole and every part of the enactment must be given attention as well as other statutes *in pari materia*. The true meaning of the legislature is to be ascertained, not from a literal sense of the words used, but from a consideration of the whole and every part of the statute, the subject matter, the effect and consequences, and the reason and spirit of the law. Among other aids that may be employed in determining the intention of the legislature are consideration of the history of the statute's enactment and the trend of previous legislation. *In re Estate of Cooke*, 117 Vt 336, 338, 91 A2d 683. The intention of the legislature constitutes the law. *State Highway Board* v. *Gates*, 110 Vt 67, 73, 1 A2d 825, and cases cited.

When *In re Peck's Estate*, 87 Vt 194, 88 A 568, was decided in 1913, P. S. 2984, which has now developed into V. S. 47, §3100, was for consideration. It provided in appeals from probate court, "when such certified copy is filed in the county court, it shall try the question, and if a question of fact is to be decided, issue may be joined thereon under the direction of the court, and a trial had by jury." It was there held at page 197, that the right to trial by jury is statutory and not a constitutional right and the legislature can enlarge or restrict the right at pleasure. The history of the legislation and previous decisions of this Court were set forth and considered quite fully and we need not repeat it here except to say that the compulsory reference act there mentioned is now V. S. 47, §1935. It was there held that under the statutes then existing, the verdict of a jury in probate appeals was only advisory and that the court could follow or reject it.

The case of *In re Will of Smith*, 88 Vt 259, 92 A 223, was an appeal from the probate court from the allowance of a will. This Court at page 273 followed the Peck case, *supra*, and held that there was no statutory right to a trial by jury in such cases. That case was decided in 1914. The legislature by No. 98 of the Acts of 1915 amended P. S. 2984 by adding after the part that we just quoted in connection with the Peck Estate case, the following, "and when the appeal is from a judgment allowing or disallowing an instrument purporting to be a last will and testament, a right to trial by jury shall follow."

P. S. 2984 as so amended became in identical language G. L. 3466 in the revision of 1917. In referring to that statute and the right to trial by jury in a will case this Court in the case of *In re Wood's Will*, 95 Vt 407, decided in 1921, at page 411, 115 A 231, 233 said, "Now the right to trial by jury is absolute. The court has no part in determining that. Unless it is waived there can be no other kind of trials." The case of *Eastern States League* v. *Estate of Vail*, 97 Vt 495, 124 A 568, 38 ALR 845, decided in 1923, reaffirmed the law that in ordinary probate appeals, except when the allowance or disallowance of a will is in issue, there was no statutory right to a trial by jury.

P. S. 2984 then became P. L. 3016 by the revision of 1933 and in the same identical language. The case of *Brace* v. *Hulett*, 109 Vt 360, decided in 1938, involved an appeal to the county court from the allowance of an administrator's final account in probate court. This court reaffirmed the law that there was no statutory right to a trial by jury in that type of an appeal.

By No. 42 of the Acts of 1941, P. L. 3016 was amended to read as follows,—"TRIAL BY COURT OR JURY. When such certified copy is filed in the county court, it shall try the question; and if a question of fact is to be decided, issue may be joined thereon under the direction of the court and a trial had by jury *unless waived* (emphasis supplied) and when the appeal is from a judgment allowing or disallowing an instrument purporting to be a last will and testament, a right to trial by jury shall follow." The only change made by the amendment was to add the words, "unless waived."

·This section, as amended, has been carried forward into V. S. 47, §3100 without change except to change the two semi-colons to periods and leave out the word "and", thus making the section into three sentences, and the wording of the last sentence was rearranged without any change in its meaning or effect.

This points up the question here presented,—Did the addition of the words "unless waived" by the amendment of 1941 provide a statutory right to a trial by jury in appeals in addition to the right already existing in will cases?

■ It is a general rule of construction that when the legislature amends a law, it intends to change the law, the contrary not appearing. *City of Winooski* v. *Companion*, 105 Vt 1, 3, 162 A 795. If the legislature by the amendment did not change the law or intend to do so, there would be nothing to waive and the words "unless waived" would be superfluous and meaningless. The special administrator is the only appellee who filed a brief. The brief admits that those words in the amendment are meaningless unless they perhaps mean that the parties could waive a jury trial after the court as a matter of discretion had decided to submit questions of fact to a jury. That procedure would be an attempt to waive something that the court in its discretion had decided to do which would be an absurd consequence.

This appellee claims that if the legislature intended to provide a right to trial by jury in all probate appeals unless waived it would have deleted the last sentence of the section in regard to trial by jury in cases involving wills. The legislature could have well considered that, by previous decisions which we have mentioned, this part of the statute had been so definitely construed as making the right to trial by jury in will cases absolute that it would be wise to leave that part of the statute untouched and limit the amendment to the other part of the section.

It is also claimed that the legislature would have amended V. S. 47, §1939 so that it would apply only to those cases where a jury trial had been waived. The section mentioned has to do with the county court appointing commissioners to take and

report to the court the accounts of an executor, administrator or guardian, in a case appealed from the decision of the probate court. The answer to this claim is that this section is to be construed with section 3016 as amended and the right of the court to use section 1939 still exists when a jury trial is waived. It was not necessary to specifically amend that section, then P. L. 1886, by limiting it in any manner.

It is also claimed, because the legislature left the word "may" in the statute, that it shows an intention not to create a definite right to trial by jury. The word "may" can be construed as "shall" or "must" when such was the legislative intention. It should be so construed if the legislature intended to impose a duty and not simply confer a privilege or discretionary power. *Central Vermont Railroad* v. *Town of Royalton*, 58 Vt 234, 240, 4 A 868.

This Court in *Joy v. Swanton Savings Bank & Trust Co.*, 111 Vt 106, 109, 10 A2d 216, 217, said, omitting citations: "In determining whether the word 'may' when used in a public statute is to be used as imposing an absolute duty or a discretionary power the general rule of statutory construction that the true intent and purpose of the legislature should be carried into effect should be applied. The ordinary meaning of the language must be presumed to be intended unless it would manifestly defeat the object of the provisions." See also, *In re Everett's Estate*, 114 Vt 256, 261, 44 A2d 149.

Here, an appellant, before the amendment, had the privilege but not the right, except in will cases, to a trial by jury. To construe the statute as claimed by the appellee after it was amended would not enlarge its meaning or effect. The amendment would be meaningless and without force or effect. It would be a nullity. Manifestly, it was the intention of the legislature, when considered with the history of legislation on the subject and the cases which we have mentioned and cited, to make a change in the law and provide an appellant with something that did not exist before, i.e., the right to a jury trial unless waived. It was error for the court to overrule the motion for a jury trial and deny the request of the appellant.

Without doubt there may be difficulties involved in submitting the accounting of an executor, administrator or guard-

ian to a jury for determination. That is evident when an action at law for an accounting in certain instances may be brought under V. S. 47, Chapter 91. It has been held that in such actions there is no right to a trial by jury, *Deavitt* v. *Corry*, 90 Vt 531, 98 A 1000. That chapter is not applicable here. It has to do with an original action at law for an accounting. The instant case is not an original action at law but an appeal from an order of the probate court in original proceedings before that court. It may be that the action of the legislature in amending the statute involved in the instant case was ill advised but the law is as stated by the legislature and not what it is thought the law should be.

*The order overruling the motion of the appellant and denying a jury trial is reversed and the cause is remanded to the county court.*