## Edward J. Chaput v. Robert G. Smith, Warden

[276 A.2d 633]

No. 100-70

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed April 7, 1971

*Willis E. Higgins,* Williston, for Plaintiff.

*James M. Jeffords,* Attorney General, *Jon C. Stahl,* and *Charles A. Bristow,* Assistant Attorneys General, for the State.

**Holden, C.J.** The petitioner has correctly resorted to the traditional process of *habeas corpus* to test the legality of his confinement in the state prison at Windsor. *In re Brainerd,* 56 Vt. 495, 498 (1884). There is a novelty about the petition in that it seeks to enforce the order of the sentencing court, rather than to vacate the sentence.

The complaint alleges that the petitioner was convicted and sentenced by the district court at Bennington on February 24, 1970 to serve not less than one nor more than three years at the state correctional facility at St. Albans on his conviction for burglary. The *mittimus* issued from the district court with a concurrent commitment of ninety days for fraud by check. Copies of the committing process are annexed to the complaint as required in such petitions by 12 V.S.A. § 3955. Both orders for commitment set forth sentences to imprisonment in the "State Correctional Facility at St. Albans, Vermont" and are directed to the superintendent of that institution. The complaint further alleges that after a short stay at the St. Albans facility the petitioner was transferred to the Vermont State prison without hearing or resentencing.

The county court dismissed the complaint without awarding the writ, hence no process issued and the defendant was not called upon to make a return nor respond to the complaint.

The court's order sets forth the reason for the dismissal. It states that the State Correctional Facility was established by legislation enacted in 1966 (1966, No. 24). "It is designed to handle male offenders over sixteen years of age and under twenty-seven years of age committed to it by courts of competent jurisdiction *with the consent of the commissioner of corrections.*"

The order also refers to subsequent legislation enacted in 1967 and 1969, and the primary objectives of these enact-

ments. From reading these enactments the court determined that "(t)he power and authority of the Department of Corrections to transfer prisoners from the State Correctional Facility to another correctional facility is implicit in the legislation enacted." Upon these considerations the petition for the writ was denied.

The petitioner's appeal, with the aid of counsel, presents a record which establishes that the petitioner was born on January 1, 1949. Thus he was, and is a youthful offender within the provisions of 33 V.S.A. § 679. This section, as amended in 1968, provides:

> When a person over sixteen years of age and under twenty-seven years of age is convicted of a crime before a court having criminal jurisdiction punishable by sentence to the Vermont State prison or the house of correction, the court, in its discretion, before sentence may, with the consent of the commissioner, order the person committed on a temporary basis to the custody of the commissioner of corrections for the purpose of assignment to a classification center for evaluation and study. Where the temporary commitment is ordered, the court shall include in its order that the commissioner shall return the person to the court within sixty days with a written report and recommendation whether the person should be placed on probation, or should be committed, and, if the latter, the place of commitment. Upon return to the court, the person may be sentenced to pay a fine or committed for a term of imprisonment, to either the state prison, the house of correction or the youthful offenders facility, as the circumstances warrant and after consulting the commissioner of corrections.

This statute, as originally enacted, applied only to persons between the ages of twenty-one and twenty-seven years of age. It required that the commitment of persons in this age bracket to a term of imprisonment should be made "with the consent of the Commissioner of Institutions." 1966, No. 24 (Sp. Sess.) § 8. In 1968 the range of youthful offenders was lowered from twenty-one to sixteen years of age. The same enactment removed the requirement of the consent of the Commissioner of Institutions to provide that youthful offenders

within the ages specified could be committed to a term of imprisonment "after consultation with the commissioner of corrections." 1967, No. 304 (Adj. Sess.) § 38, approved March 22, 1968.

The legislative policy of the youthful offender act is enunciated in the enactment. And we must take the lawmakers at their word. *Vermont Home Mortgage Credit Agency* v. *Montpelier National Bank*, 128 Vt. 272, 262 A.2d 445, 448 (1970). The act declares that:

> "primary reliance upon closed custodial institutions is self-defeating and also results in wasteful high costs to the taxpayers of the state. The alternative is a comprehensive program which, while providing necessary closed custodial confinement for hardened and habitual offenders, will implement, as its primary objective, the disciplined preparation of violators for their responsible roles in the open community.—A range of facilities for the treatment of different classes of offenders is necessary." 1966, No. 24 (Sp. Sess.) § 1. See also 28 V.S.A. § 101 (state prison) and § 301 (youthful offender facility) and accompanying revision notes.

As we have seen, the responsibility for selecting the appropriate institution of confinement for youthful offenders originally resided jointly with the sentencing court and the commissioner. When the reduction in the age level for this category of violators came about in 1968, the first responsibility of designating the place of confinement was assigned to the court with the commissioner acting only as a consultant.

That such a change was intended is clear from the present wording of the statute. And had no variations in the committing authority been intended, there would have been no occasion for the legislature to have changed the wording of the section from the language of the original enactment. *Conn* v. *Brattleboro*, 120 Vt. 315, 322, 140 A.2d 6 (1958); *City of Winooski* v. *Companion*, 105 Vt. 1, 3, 162 A. 795 (1932).

The defendant warden was not made a party to these proceedings for the lower court dismissed the complaint of its own motion. Thus no answer or return was made by the defendant within the provisions of 12 V.S.A. § 3964. Consequently, there

is nothing before us to show whether the defendant warden has custody of the plaintiff and, if so, by what authority. However, the State has entered the case on appeal and urges that 28 V.S.A. § 542 provides full authority for the plaintiff's transfer to the state prison.

§ 542. Transfer of prisoners

The commissioner of corrections, in his discretion, may transfer a person confined in a state correctional facility to another state correctional facility for evaluation, treatment and rehabilitation except that a person committed to Weeks School as a juvenile delinquent may not be so transferred and a person confined but not under sentence may not be transferred without his consent or a written order of the governor, a copy of which shall be delivered to the prisoner.

■ If the petitioner was in fact transferred on the strength of this statute, there was nothing presented to the county court to show it. There is no indication that the petitioner was a hardened, habitual or refractory offender. Without an answer to the complaint or a return of process, there is nothing to establish that the transfer was made for evaluation, treatment and rehabilitation of the subject as specified in 28 V.S.A. § 542.

According to the penal and reformatory provisions of our statutes:

"(t)he state prison shall be the general penitentiary and prison of the state for the reformation and punishment of male offenders, who are convicted of felonies, in which prison shall be securely confined, employed and governed male offenders sentenced to solitary imprisonment or confined therein at hard labor." 28 V.S.A. § 101.

On the other hand, the legislature has ordained that the four regional correctional facilities which it has established:

"shall be used for detention, treatment and rehabilitation of prisoners either before or after conviction of any offense; but primarily for detention of persons awaiting court disposition and custody of prisoners serving short terms and such other prisoners as the department

(of correction) may assign to them for furloughs, work release and other pre-release treatment. They shall be the core of the community-based correctional system required by the state's correctional policy." 28 V.S.A. § 109(a).

It may be that the commissioner, given the opportunity, can justify the petitioner's transfer to the state prison within the discretionary power confided to him by 28 V.S.A. § 542. The facts stated in the plaintiff's complaint called for· such a response.

This point was stressed by Chief Judge Royce in considering the complaint presented to him in *In re Brainerd, supra,* 56 Vt. at 496. "When the right of a citizen to his liberty is brought in question, no intendment or presumption is to be made in favor of the legality of the process under which he has been deprived of his liberty; and the rights of the relator are to be determined by the return." The county court, in dismissing the complaint without answer or return by the defendant, foreclosed any reply or hearing on the questions of law and fact raised by the petition.

In undertaking to dismiss the plaintiff's *pro se* application, without calling for responsive pleading, it appears that the lower court regarded the allegations to be frivolous or insufficient as a matter of law. See, *In re Rickert,* 124 Vt. 232, 235 (1964), cert. denied, 379 U.S. 977 (1965) ; *State* v. *Provencher,* 128 Vt. 586, 270 A.2d 147, 150 (1970) (concurring opinion); ABA *Minimum Standards Relating to Post Conviction Remedies* § 4.2. On the facts alleged, the summary denial of the application was error.

*Order reversed and cause remanded for further proceedings in accordance with the opinion of the Court.*