### M. Jerome Diamond v. Carol Vickrey

[367 A.2d 668]

No. 54-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

*John J. Easton, Jr.*, Assistant Attorney General, Burlington, for Plaintiff.

*Richard C. Blum*, Burlington and *Natt L. Divoll, Jr.*, Bellows Falls, for Defendant.

**Daley, J.** By virtue of the Vermont Consumer Fraud Law contained in Chapter 63 of Title 9, Vermont Statutes Annotated, the Legislature has declared that unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are unlawful. 9 V.S.A. § 2453(a). Included within the statutory scheme governing consumer fraud are provisions authorizing the attorney general or a state's attorney to conduct a civil investigation whenever he has probable cause to believe that a person is or has been engaging in unfair methods of competition, or unfair or deceptive acts or practices in commerce. 9 V.S.A. § 2460. The civil investigation provisions of 9 V.S.A. § 2460(a), as amended, provide that:

> The attorney general or a state's attorney whenever he has probable cause to believe any person to be or to have been in violation of section 2453 of this title . . . may upon probable cause examine or cause to be examined . . . any

books, records, papers, memoranda and physical objects of whatever nature bearing upon each alleged violation.

The statute further provides that the attorney general or a state's attorney is authorized to require the attendance of certain persons and may take testimony of these persons. Subsection (c) of § 2460 confers jurisdiction upon the superior court for the enforcement of the section and states that such court is empowered to make orders as may be required to carry into effect the investigatory powers of the attorney general or a state's attorney. A person disobeying such an order is subject to punishment for contempt. 9 V.S.A. § 2460(c).

In a proceeding brought under 9 V.S.A. § 2460(c), the Attorney General, M. Jerome Diamond, petitioned the Windsor Superior Court for an order compelling Carol Vickrey to comply with a subpoena issued by his office. This petition was met with a motion to quash the subpoena and to dismiss the show cause order issued upon the allegations in the petition. After a hearing at which the subpoena and a supporting affidavit were made part of the record, the superior court granted Vickrey's motions because of the lack of sufficient facts alleged in the subpoena and affidavit to establish probable cause. The attorney general appeals.

The principal issue presented by this appeal relates to the construction of 9 V.S.A. § 2460(a), specifically the "probable cause" requirement of that statute. The attorney general, citing opinions of the United States Supreme Court, contends that this probable cause requirement is satisfied by the threefold showing that: (1) the administrative investigation is authorized by the Legislature; (2) that the investigation is for a purpose that the Legislature can order; and (3) that the information sought is relevant to the administrative inquiry. Ms. Vickrey claims that the Legislature, by its express use of the term "probable cause to believe" in § 2460(a), intended to set a stricter standard upon the attorney general or a state's attorney which must be met prior to the utilization of the investigatory powers conferred by the statute. We agree with her construction of § 2460(a).

Our review of the cases dealing with the constitutional considerations limiting the enforcement of administrative subpoenas indicates a definite trend toward enlarging the investigatory powers of administrative agencies. Justice Holmes'

concern, expressed in *Federal Trade Commission* v. *American Tobacco Co.*, 264 U.S. 298, 306, 44 S.Ct. 336, 68 L.Ed. 696 (1924), that these agencies would "direct fishing expeditions into private papers on the possibility that they may disclose evidence of crime", is no longer regarded as a constitutional impediment to the enforcement of administrative subpoenas. *United States* v. *Morton Salt Co.*, 338 U.S. 632, 642, 70 S.Ct. 357, 94 L.Ed. 401 (1950); *Equal Employment Opportunity Commission* v. *University of New Mexico*, 504 F.2d 1296, 1303 (10th Cir. 1974). The opinions set forth in *Oklahoma Press Publishing Co.* v. *Walling*, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946) and *United States* v. *Morton Salt Co.*, *supra*, relied upon by the attorney general to support his view of the construction of § 2460(a), delineate the Fourth Amendment restrictions upon the enforcement of administrative subpoenas. The United States Supreme Court has noted that an administrative investigation conducted by subpoena is constitutionally permissible even if the investigation is grounded upon the mere suspicion that the law has been violated or on the ground that the administrative body seeks assurances that the law has not been violated. *United States* v. *Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This view of the constitutionally permissible scope of administrative subpoenas fully comports with the United States Supreme Court's opinion that the investigatory powers of an administrative agency are analogous to those of a grand jury. *Oklahoma Press Publishing Co.* v. *Walling, supra,* 327 U.S. at 216. It has even been held that an administrative subpoena "need not be supported by an ad hoc showing of probable cause" in order to be enforced by the federal courts. *United States* v. *DeGrosa,* 405 F.2d 926, 928–29 (3rd Cir.), *cert. denied,* 394 U.S. 973, 89 S.Ct. 1465, 22 L.Ed.2d 753 (1969). It must be stressed that the federal statutes which were reviewed in the above cases did not contain an express probable cause requirement.

Inasmuch as the parties differ as to the meaning of the term "probable cause to believe", undefined in the statute, we are called upon to determine the intent of the legislative body through an inquiry into the legislative history of § 2460(a). See *State* v. *Mahoney,* 122 Vt. 456, 458, 176 A.2d 747 (1961).

The material provisions of this statute as enacted by the Acts of 1967, No. 132, authorized the attorney general to in-

stitute a civil investigation "whenever he believes any person to be or have been in violation of" the consumer fraud law. At the 1973 Session of the General Assembly, House Bill No. 133 was introduced as an amendment to subsections (a) and (c) of 9 V.S.A. § 2460. This proposed amendment, along with extending the investigatory powers to state's attorneys, authorized the attorney general to conduct a civil investigation "whenever he desires to conduct an investigation with respect to a possible past, present, future or potential violation" of the consumer fraud law. After a stormy passage through the House of Representatives and the Senate, the words of the proposed bill were rejected and in lieu the General Assembly enacted No. 110, Acts of 1973, which amended § 2460(a) so as to restrict civil investigations to those instances where there is "probable cause to believe" that there has been a violation.

The attorney general argues that the Legislature, in substituting the "probable cause" requirement for the prior requirement, did not intend to impose a greater restriction upon his investigatory powers. He argues that, under either standard, the only limits upon his investigatory powers are the constitutional requirements as enunciated by the federal courts. We cannot agree.

█ It is well settled that, in interpreting amendatory language in a statute, we are guided by the rule that the Legislature intended to change the law. *In re Cartmell Estate*, 120 Vt. 228, 232, 138 A.2d 588 (1958); *City of Winooski* v. *Companion*, 105 Vt. 1, 3, 162 A. 795 (1932); *Essex Storage Electric Co.* v. *Victory Lumber Co.*, 95 Vt. 117, 120, 112 A. 832 (1921). If we were to adopt the attorney general's argument, we would have to accept the view that the Legislature did not intend to change the law by replacing the phrase "whenever he believes" with "whenever he has probable cause to believe". We feel that such an interpretation of the statutory amendment is untenable.

The history of § 2460(a) compels us to believe that the Legislature, in granting civil investigatory powers to the attorney general and state's attorneys, intended to prevent those officers from conducting so-called "fishing expeditions" by restricting investigations to those instances where there is probable cause to believe there has been a violation, and provided a

judicial forum for the testing of probable cause. 9 V.S.A. § 2460(c).

The legislative body is free to impose greater restrictions upon the issuance and enforcement of administrative subpoenas than is constitutionally mandated. The probable cause requirement of § 2460(a) cannot be interpreted as allowing the designated officials to engage in investigations upon the mere suspicion of a violation. The authority granted the attorney general and the state's attorneys under the statute is not analogous to those of a grand jury. We cannot accept the proposition that § 2460(a), containing an explicit probable cause requirement, does not place greater restrictions upon investigations than the federal statute without such restriction.

██ We hold that the Legislature, by its 1973 amendment to § 2460(a), intended to change the previous standard allowing an investigation upon the attorney general's personal belief that a violation had taken place in favor of an objective probable cause standard. The term "probable cause" has been stated by this Court to refer to "a state of facts and circumstances as would lead a careful and conscientious man to believe" that a violation had taken place. *Barron* v. *Mason,* 31 Vt. 189, 195 (1858); *Driggs* v. *Burton,* 44 Vt. 124, 135, 145 (1871). See also *Gerstein* v. *Pugh,* 420 U.S. 103, 111–12, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975); *Wong Sun* v. *United States,* 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We hold that this is the standard which the Legislature intended to impose as a limitation upon the authority of the attorney general or a state's attorney in conducting civil investigations under § 2460(a).

Having thus resolved the issue regarding the standard to be applied in determining probable cause, the question remains as to whether the lower court properly ruled that insufficient facts had been alleged by the attorney general to establish probable cause.

██ A review of the information contained in the subpoena and its supporting affidavit discloses that an investigator with the office of the attorney general had spoken to a nurse formerly employed at a certain nursing home in this State. She informed the investigator that during the fall of 1974 Medicaid patients

at the home were charged for pharmaceutical items previously covered by the nursing home. She advised the investigator to contact Carol Vickrey, a bookkeeper at the Center, for more exact information. The investigator did speak to Ms. Vickrey by telephone, at which time she stated to the investigator that, in her opinion, his office would be able to "bring legal action" against the home if she gave him certain information. When she later refused to talk to the investigator, the subpoena was issued against her. The only information bearing upon probable cause to believe that a violation of the consumer fraud law had occurred is this information gathered by the investigator and set forth in the supporting affidavit.

These allegations fail to demonstrate probable cause to believe that a violation of the consumer fraud law had occurred or was occurring. We therefore affirm the determination by the lower court. Because of our decision regarding the construction of the probable cause requirement of § 2460(a), we need not pass upon other issues raised.

*Judgment affirmed.*