# In re Unnamed Attorney

[595 A.2d 256]

No. 87-485

Present: **Peck, Dooley and Mahady, JJ.**

Opinion Filed May 31, 1991

Per Curiam. Respondent, an attorney admitted to practice in this Court, has moved to quash an investigative subpoena issued by the clerk of this Court on the application of the chair of the Professional Conduct Board. We grant the motion to quash with the proviso that the subpoena may be reissued consistent with this opinion.

The subpoena was issued pursuant to § 7(f) of the Permanent Rules Governing Establishment of Professional Conduct Board

and Its Operation, Administrative Order No. 9, as it existed prior to the 1989 amendment. It provided:

> (f) The chairman of the Board, or of any hearing panel, shall have the right to subpoena witnesses at any stage of the investigation. The respondent-attorney shall have a like right. Application for a subpoena, including a subpoena duces tecum, shall be made to the clerk of this Court, who shall issue the same.

Respondent's main argument in support of his motion is that issuance of the subpoena must be preceded by a "clear and concise written statement of the alleged misconduct to be investigated" as prepared by bar counsel and served on the respondent pursuant to § 7(b). Respondent argues that issuance of the instant subpoena without such a statement denies him due process of law.

Although there has been no evidence presented to this Court, the basic facts are not in dispute. In response to a complaint, the substance of which is known to respondent, bar counsel sent a letter to respondent's counsel outlining the "areas of possible interest" and seeking certain information with respect to them. That information was provided. After bar counsel interviewed relevant witnesses, he sent a letter to respondent's counsel seeking the answers to five questions and certain documents. Respondent refused to answer, demanding a statement of the matters to be investigated. Upon request of bar counsel, the chair of the Board requested that the clerk of this Court issue a subpoena to respondent to appear and testify, bringing with him certain documents. When the subpoena was issued, respondent brought a motion to quash in this Court.

■ We do not agree that respondent is entitled to a statement of charges against him before a subpoena is issued under § 7(f). The statement of charges requirement, contained in § 7(b), provides notice of alleged misconduct prior to a probable cause hearing. This proceeding has not yet reached the stage of a probable cause hearing, and, thus, no statement of charges is required by § 7(b). The subpoena section expressly applies to "any stage of the investigation," including the pre-probable cause stage. The request for a subpoena does not itself trigger the requirement for a statement of charges.

At least two other courts have addressed the precise question raised here, both in the context of an investigative subpoena issued to an attorney under investigation.[1] The case more similar to the one before us is *Anonymous v. Attorney Grievance Comm'n*, 430 Mich. 241, 256, 422 N.W.2d 648, 654 (1988), where the Michigan Supreme Court concluded that its rule allowed for the issuance of an investigative subpoena prior to the service of a formal complaint. The court relied upon the plain meaning and structure of its rules, which were similar to the Vermont rules, and its obligation to "construe the relevant rules liberally for the protection of the public, the courts, and the legal profession." *Id.* at 249, 422 N.W.2d at 651.

The Mississippi Supreme Court reached a contrary conclusion in *Mississippi State Bar v. Attorney-Respondent*, 367 So. 2d 179, 183 (Miss. 1979) (en banc), construing the relevant Mississippi statutes. The Mississippi scheme did not describe "when or under what circumstances the [subpoena] power arises." *Id.* at 182. Further, the court found "analysis of that statute in the light of the other statutes governing disciplinary proceedings indicate that the legislature did not contemplate forced cooperation by an attorney in the investigative stages." *Id.*

The Vermont provisions are significantly different from those in Mississippi; our rule does specify when the power can be exercised, and we can find no intent that attorneys not be required to cooperate in disciplinary proceedings. The Michigan scheme, in contrast, closely parallels ours. We find the Michigan opinion persuasive and supportive of the subpoena power exercised here.

■ Respondent also argues that allowing the Board and bar counsel to ask indiscriminate questions without a prior statement of alleged misconduct violates his due process rights to

---

[1] The issue is also discussed briefly in *Unnamed Attorney v. Attorney Grievance Comm'n*, 313 Md. 357, 364, 545 A.2d 685, 689 (1988), and *North Carolina State Bar v. Speckman*, 87 N.C. App. 116, 123–24, 360 S.E.2d 129, 134 (1987). Neither case is helpful to the resolution of the issue here.

notice as described in *In re Ruffalo*, 390 U.S. 544 (1968).[2] We have previously recognized, however, that the federal constitution places minimal restrictions on the issuance of administrative investigative subpoenas. See *Diamond v. Vickrey*, 134 Vt. 585, 588, 367 A.2d 668, 670 (1976). In *Diamond*, we noted that "[t]he United States Supreme Court has [held] that an administrative investigation conducted by subpoena is constitutionally permissible even if the investigation is grounded upon the mere suspicion that the law has been violated." *Id.* We do not believe that *Ruffalo* creates a constitutional right to notice of possible charges at an investigatory stage of the proceeding.

Although we have responded to the issues raised by respondent, we are concerned that the process used here was at least incomplete. Admitting our responsibility for the matter, we do not believe that § 7(f) was drafted as completely as it should have been. Nevertheless, we conclude that the clerk is not engaged in a ministerial, nondiscretionary act when issuing a subpoena under the section. If his duty were ministerial, he would have to issue a subpoena at the request of a lawyer being investigated with no assurance that the testimony or documents to be obtained are relevant to the investigation. The involvement of the Board chair in the issuance process when evidence is sought by bar counsel reduces, but does not wholly eliminate, the risk of an inappropriate fishing expedition since the Board chair may be reluctant to elaborate on the factual circumstances at this stage.

A similar situation was faced by the Maryland Court of Appeals in *Unnamed Attorney v. Attorney Grievance Comm'n*, 313 Md. 357, 545 A.2d 685 (1988), where an attorney challenged an investigative subpoena as being part of a fishing expedition. The court specified the minimum demonstration the Commission had to make to sustain the subpoena: (1) the factual basis, beyond mere conjecture or supposition, that a violation of ethi-

---

[2] Respondent has not raised self-incrimination concerns, and we assume that there is no self-incrimination issue here. As the Supreme Court of Michigan noted: "The right to subpoena a witness must not be confused with the right to compel testimony. Only the former is at issue in this matter." *Anonymous v. Attorney Grievance Comm'n*, 430 Mich. at 254, 422 N.W.2d at 653.

cal standards has occurred; (2) the relevancy of the information sought to the investigation; and (3) a showing that the demand is not too indefinite or overbroad. *Id.* at 365, 545 A.2d at 689–90. We believe that these requirements are sound and adopt them for purposes of § 7(f) of our rules.

██ When the chair of the Board seeks a subpoena from the clerk of this Court, the request should be accompanied by the three showings as specified above.[3] Although the information involved will normally come from bar counsel, the showings must be based on the independent conclusions of the Board chair that a factual basis and relevancy exist and the subpoena is not overbroad. In cases where there is serious question concerning the required showings, the Board chair may want to obtain the position of the respondent at a hearing before requesting a subpoena from the clerk. See Kentucky Supreme Court Rules, Rule 3.180(3) (1990) (investigative subpoena may be issued to respondent "for good cause shown" and only after a hearing).

██ Since no showing to comply with the requirements of this opinion was made prior to the issuance of the subpoena, the motion to quash must be granted. The current rules, as amended subsequent to the filing of this action, do not grant authority for investigative subpoenas pending the resolution of this dispute. We conclude, however, that former § 7(f) still governs this case and gives the chair of the Board authority to seek an investigative subpoena consistent with the requirements specified herein.

*Motion to quash granted.*

---

[3] We do not have to specify in this case the showing that would have to be made by the attorney under investigation. It is sufficient to say that the showing would have to be comparable to that specified for the Board chair.