VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 25-ENV-00102



| | |
|---|---|
| **8 Taft Street Notice of Violation** | **DECISION ON MOTIONS** |

This matter involves Jason Struthers (Appellant) appealing a September 22, 2025 decision of the City of Essex Junction (City) Development Review Board (DRB) upholding a July 14, 2025 Notice of Violation (the NOV) issued to Mr. Struthers regarding the cultivation of cannabis at his property located at 8 Taft Street, Essex Junction, Vermont (the Property). Mr. Struthers timely appealed that decision to this Court.

There are three motions presently before the Court. First, Appellant moves for summary judgment. The City opposes the motion. The second motion involves the City moving to dismiss this appeal. Appellant opposes the motion. Finally, the City moves to dismiss Appellant's Statement of Questions filed March 30, 2026. Appellant opposes the motion. Because the motions to dismiss present threshold issues, the Court addresses them first.

## I.     Motion to Dismiss Statement of Questions

On March 12, 2026, this Court initially took Appellant's motion for summary judgment and the City's motion to dismiss under advisement. Upon review of the motions, the Court realized Appellant never filed a Statement of Questions as required by V.R.E.C.P. Rule 5. On March 16, 2026, the Court issued an Entry Order stating the Questions before the Court based on the parties' filings as:

> 1.     Is Appellant's cannabis cultivation a pre-existing nonconforming use precluding zoning enforcement?
> 2.     Does the City's Land Development Code (LDC) related to cannabis cultivation violate Vermont law?

In re 8 Taft St. Notice of Violation, No. 25-ENV-00102 (Vt. Super. Ct. Envtl. Div. Mar. 16, 2026) (Walsh, J.).

The Court noted its intent to adopt these Questions as the applicable Statement of Questions in this matter to resolve the then-pending motions and directed either party to "object to this iteration of the issues" on or before March 30, 2026. Id. The City did not object.

On March 30, 2026, Mr. Struthers filed a 10-Question Statement of Questions. The City now moves to dismiss these Questions. Appellant opposes the motion.

First, while the Court did not specifically discuss the form of "objection" to the March 16 Entry Order, the Court does share the City's concerns with the form of Mr. Struthers' filing. Mr. Struthers' Statement of Questions in this case was due to be filed in early November 2025. In response to his lack of filing and this Court's attempts to remedy that deficiency, it is concerning, even with consideration of Appellant's self-represented status, to see a 10-Question filing submitted nearly 5 months late and only after prompting from the Court. Despite this, the Court declines to dismiss the filing on these grounds alone.

Second, the Questions contain significant portions of narrative argument and are accompanied by an affidavit and exhibits. The argument and background information, such as the exhibits and affidavit, are inappropriate in a Statement of Questions. See In re Northeast Materials Grp., LLC, 143-10-12 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. May 8, 2013) (Walsh, J.) (citing V.R.C.P. 8(a)). Thus, these aspects of the filing will not be considered by the Court.

Finally, the Court has reviewed each Question and Appellant's filings in support thereof to understand the context and the issues sought to be raised. While significantly lengthier than the Court's recitation of the issues before the Court, the Court can find no issue raised by Mr. Struthers in his March 30 filing that is not included within or otherwise intrinsic to the Court's articulation of the Questions, with the exception of Question 4.

The Court's Question 1 asked whether Appellant's cannabis cultivation was a pre-existing nonconforming use precluding zoning enforcement. Appellant's Question 2 is a direct restatement of this issue and his Questions 5 (addressing the City's interpretation of the LDC), 7 (addressing equitable doctrines), 8 (addressing vested rights) and 9 (addressing whether the City's enforcement is an abuse of discretion) address the same issue. In response to the City's motion, Appellant presents no argument or explanation as to how any of these Questions differ from the questions of whether the cultivation is a preexisting nonconforming use at the Property.[1]

---

[1] Instead, he argues that the Questions are not "new issues" based on the Civil Division's dismissal of a related claim. The Court does not understand the connection between the Questions and the Civil Division's decision. Further,

Further, the Court's Question 2 asks whether the LDC violates state law. Appellant's Questions 3 and 10 directly restate the Court's Question 2 in two questions instead of one. Appellants' Question 1 is intrinsic to both the Court's Questions 1 and 2 as it asks whether the City can enforce the LDC against Appellant, generally.

Thus, Appellants' Questions 1 through 3, 5, and 7 through 10[2] each are duplicative of the Court's Questions 1 and 2, which more clearly state the issues before the Court. The Court fails to see how any aspect of Appellant's proposed Questions presents a different analysis than the one he has already presented in h is motions and as is reflected in the Court's March 16 Questions. Similarly, the Court fails to see how limiting these issues to two succinct Questions as stated by the Court would limit Appellant's ability to present his case and relevant evidence.

The Court **DISMISSES** Appellant's Questions 1 through 3, 5, and 7 through 10 as restating the issues already before the Court as set forth in the Court's Statement of Questions.

Question 4 asks whether the NOV was properly issued procedurally, as well as on its merits. The City presents no specific objection to this Question. It is arguably intrinsic to the Court's Questions but, to the extent it's not, the Court adopts Appellant's Question 4 as restated below in new Question 3.

Finally, Appellants' Question 6 requests the Court to determine whether the DRB "erred" in upholding the NOV. This appeal is heard de novo, such that we hear the case "as though no action whatever has been held prior thereto." Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 11 (1989). Therefore, we generally do not consider the underlying decision of, or proceedings before, the municipal panel below, "rather, we review the application anew as to the specific issues raised in the statement of questions." In re Whiteyville Props. LLC, No. 179-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Dec. 13, 2012) (Durkin, J.). Question 6, as posed, is outside the scope of our de novo review. Appellant's Question 6 is therefore **DISMISSED**. In reaching this conclusion, the Court will functionally be tasked with determining if the NOV should stand when analyzing the Questions that remain before the Court.

---

for the reasons set forth in the accompanying Entry Order, the Civil Division's decision presents matters outside the scope of this Court's jurisdiction.

[2] The City opposes Questions 5 through 10 as presenting "new" issues not raised to the DRB. It therefore argues that those Questions are outside the scope of our jurisdiction on appeal. While the Court aggress that, at some level, in a de novo appeal, matters that were not presented to the DRB below may require remand for consideration under In re Torres, 154 Vt. 233 (1990), there is no issue preservation requirement in a de novo appeal such as is partially applicable in an on-the-record appeal or appeal to the Vermont Supreme Court. If, in the course of the appeal, it becomes apparent that a remand would be required, the Court may address it at that time.

For the foregoing reasons, the Court restates the Questions before the Court for completeness. They are:

> 1.      Is Appellant's cannabis cultivation a pre-existing nonconforming use precluding zoning enforcement?
>
> 2.      Does the City's Land Development Code (LDC) related to cannabis cultivation violate Vermont law?
>
> 3.      Whether the July 14, 2025 Notice of Violation was properly issued under the LDC, including with respect to procedure, notice, application of the ordinance, and factual basis.[3]

## II.     Motion to Dismiss

The City argues that Appellant's appeal is barred by the doctrine of res judicata such that the Court is without jurisdiction to hear the appeal. When considering a motion to dismiss for lack of subject matter jurisdiction, the Court applies the standards within V.R.C.P. 12(b)(1) and the Court accepts all uncontroverted factual allegations as true and construes them in the light most favorable to the nonmoving party, here Appellant. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

Res judicata, sometimes known as claim preclusion, "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56 (1992) (internal quotation omitted). Claims need not be actually litigated in the earlier proceeding to be barred and, instead, res judicata "bars parties from litigating claims or causes of action that were or should have been raised in previous litigation." Merrilees v. Treasurer, 159 Vt. 623, 624 (1992) (mem.). Further, while res judicata applies in the context of zoning cases, it "does not apply to administrative proceedings as an inflexible rule of law." In re Carrier, 155 Vt. 152, 157-58 (1990) (citations omitted); see also In re Dunkin Donuts S.P. Approval, 2008 VT 139, ¶ 7 (citation omitted).[4]

Appellant's claims related to his preexisting nonconforming status or compliance with 7 V.S.A. § 863(d)(1) are not barred in this action. While it is true that the parties in this matter are the same as those in the earlier appeals, the causes of action and subject matter are not substantially identical. In Taft Street DRB Appeal, various parties, including Appellant and his neighbors and the City, "sought clarification from the City's zoning officer as to whether the City could enforce its zoning regulations against landowner." In re Taft Street DRB & NOV Appeal, 2025 VT 27, ¶ 3. While part of that

---

[3] The Court re-numbers Appellant's proposed Question 4 as Question 3 to retain chronological order.

[4] While Carrier and Dunkin Donuts both largely concerned the successive application doctrine, they are helpful in understanding how res judicata is applied in the zoning context, generally.

request concerned duck-raising activities, the relevant portion concerns cannabis cultivation.[5] The Zoning Administrator issued a decision concluding that the City could not enforce its zoning regulations against Appellant for either activity based on Vermont statutory law. On appeal to the DRB, the DRB concluded that the City could regulate the duck farming but not the cannabis, again based on Vermont statutory law. As it relates to the cannabis operation, Neighbors appealed DRB's decision to this Court.

Appellant, having received a favorable DRB determination, did not need to appeal that aspect of the decision and there was no decision from the City asserting that the cannabis cultivation was in violation of the City's Land Development Code (LDC) on appeal to this Court or the Vermont Supreme Court. Further, the City did not assert during that litigation that that Appellant's cannabis cultivation would be a violation of the LDC. Thus, Appellant was in the position to defend against Neighbors claim that the City had the authority under state law, notably 7 V.S.A. § 869 and 24 V.S.A. § 4413(d)(1)(A), to regulate licensed outdoor cannabis cultivation.

It is unclear how Appellant could or should have raised affirmative defenses to an enforcement action, that the use was a preexisting nonconformity or that the LDC was not enforceable against him due to § 863(d)(1), within the former appeal where the regulatory entity, the City, was not asserting that the activity was a zoning violation. Further, it is likely that such an assertion, had it been raised, would have been unripe at the time of that litigation and/or outside the scope of neighbors' appeal because there was no enforcement action pending at that time.[6]

Thus, the Court concludes that the claims and subject matter of this present matter are not substantially identical with the former appeal such that Appellant is precluded from arguing that he is not in violation of the LDC because he is a preexisting nonconforming use or because the LDC violates § 863. At no point in the prior litigation was there an NOV issued for the cannabis operation, nor was there an opportunity to assert this claim. Thus, the City's motion to dismiss is **DENIED**.[7]

---

[5] The "NOV" aspect of this decision concerned the duck-raising only.

[6] The City is correct in asserting that it has been established pursuant to Taft Street DRB & NOV, 2025 VT 27 that it has the authority to regulate cannabis under Title 7. The Court does not and will not interpret Appellant's argument as it relates to § 863(d)(1) to collaterally attack that determination and instead views the argument as an as-applied statutory challenge to the LDC as it relates to the NOV specifically on appeal.

[7] To the extent that the City asserts that Appellant's arguments lack merit such that they must be dismissed, the Court discusses those arguments below. The claims are clearly within this Court's subject matter jurisdiction and there are factual allegations that, applying the appropriate standard, preclude dismissal currently.

### III. Motion for Summary Judgment

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted). In determining whether there is a dispute over any material fact, "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).[8]

#### a. Preexisting Nonconforming Use

Appellant asserts that his cannabis cultivation use was a preexisting nonconformity such that it may continue to exist. He asserts that the LDC was amended in September 2022 to allow cannabis cultivation establishments only in the Planned Agriculture (PA) zoning district. Appellant received a Tier 1 Outdoor Cannabis Cultivation license from the Vermont Cannabis Control Board (CCB) in July 2022. At that point, cannabis cultivation was not included on the LDC's table of uses and, he asserts, was allowable in the Property's R-1 District.

As a threshold matter, the City asserts that judgment is not appropriate because the 2016 iteration of the LDC (2016 LDC) effective at the time of licensing did not permit "agriculture in the R-1 District and was only permissible in the PA District. See 2016 LDC § 620 ("Use Table"). The City offers that cannabis cultivation falls within the definition of "agriculture" such that the use was prohibited in the R-1 District at the time of licensure.

When interpreting a zoning ordinance, the Court relies upon the principles of statutory construction. In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 1 (mem.). The Court's goal is to effectuate the intent of the drafters, first by looking to the plain meaning of the regulation at issue and the "whole of the ordinance." Tyler Self-Storage, 2011 VT 66, ¶ 13 (quotation omitted). In construing statutory or ordinance language, our paramount goal is to implement the intent of its drafters. Morin v. Essex Optical/The Hartford, 2005 VT 15, ¶ 7, 178 Vt. 29. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense."

---

[8] The City argues that the motion must be denied for failure because Appellant did not properly comply with V.R.C.P. 56 with respect to his motion's statement of undisputed material facts. Because the Court conclude that Appellant has failed to meet his burden on other grounds, we do not address this argument.

Laberge MotoCross Track, 2011 VT 1, ¶ 8 (quotation omitted); see also In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22 (quoting Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 195 Vt. 586 (1986)) ("Our goal in interpreting [a zoning regulation], like a statute, 'is to give effect to the legislative intent.'"). Moreover, we will not interpret zoning regulations in ways that lead to irrational results. See Stowe Club Highlands, 164 Vt. 272, 280 (1995) (refusing to interpret regulation such that it leads to irrational results). Finally, because zoning regulations limit common law property rights, we resolve any uncertainty in favor of the property owner. Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22. With these provisions of interpretation in mind, we turn to the applicable regulatory and statutory provisions.

The 2016 LDC contained no reference to cannabis cultivation. "Agriculture" was defined as "the use of property or structures for common farming-related activities necessary for crop and animal production. . . .." 2016 LDC § 201(C)(7). In September 2022, the City undertook zoning amendments and added regulations to the LDC (the 2022 LDC) related to various types of cannabis establishments and uses. The 2022 LDC allowed "cannabis cultivator establishments" only in the PA District. 2022 LDC § 620 ("Use Table"). "Cannabis cultivator establishment" was defined as "an establishment licensed by the Vermont Cannabis Control Board and the Local Control Commission to engage in the cultivation of cannabis in accordance with 7 V.S.A. Chapter 33 [or current state definition at time of application]." 2022 LDC § 201(C)(37). The definition of "agriculture" remained unchanged and the two terms are listed as distinct uses in the 2022 LDC table of uses.

While it is true that aspects of cannabis cultivation may appear similar to many agricultural or farming activities, a review of relevant law establishes that cannabis is distinct from agriculture. First, 7 V.S.A. § 869 states that "[a] cannabis establishment shall not be regulated as 'farming' under the Required Agricultural Practices, 6 V.S.A. chapter 215, or other State law." 7 V.S.A. § 869(a). Cannabis "shall not be considered an agricultural product, farm crop, or agricultural crop" for identified tax purposes, "or other State law." Id. This law has remained unchanged since enacted, effective 2021. See 7 V.S.A. § 869(a) (effective date Oct. 2021). While § 869(f) recognizes that outdoor cannabis cultivation is regulated in the same manner as "farming" for Act 250 purposes, there is no municipal land use corollary. See 7 V.S.A. § 869(f)(1)-(2). Subsection (f)(2) requires that licensed outdoor cannabis cultivation "shall . . . not be regulated by a municipal bylaw adopted under 24 V.S.A. chapter 117 in the same manner that Required Agricultural Practices are not regulated by a municipal bylaw under 24 V.S.A. § 4413(d)(1)(A) . . .." 7 V.S.A. § 869(f)(2). The interpretation of this provision has been established by the Vermont Supreme Court in In re Taft St. DRB & NOV Appeal, 2025 VT 27.

Thus, there is nothing within statutory law that establishes that outdoor cannabis cultivation is a subset of or included within "agriculture" for zoning purposes in every instance.

This distinction is further reinforced by the City's own actions. The 2016 LDC regulated agriculture but was silent on cannabis cultivation. The City then undertook zoning amendments to specifically regulate cannabis cultivation and define it distinctly from agriculture. If the City believed that cannabis cultivation constituted agriculture, it is unclear why this amendment would have been required. The Court is instructed to interpret the amendment as meaningful. It is a well-established theory of statutory construction, which the Court follows when interpreting zoning bylaws, that "in interpreting amendatory language in a statute, we are guided by the rule that the Legislature intended to change the law." Diamond v. Vickery, 134 Vt. 585, 589 (1979). The inclusion of various cannabis cultivation definitions and regulations in the 2022 LDC, separate and apart from those related to "agriculture," must have been intended to change the scope of regulation on cannabis cultivation or bring that use under the regulation of the LDC. Put another way, if "agriculture" and the 2016 LDC's regulation thereof included cannabis cultivation, the 2022 LDC amendment, particularly as it relates to the relevant zoning districts in which the use was allowed and disallowed, would have been meaningless.

Thus, the Court concludes that the cannabis cultivation use was not prohibited in the R-1 District before the 2022 LDC because "agriculture" was prohibited.

In reaching this conclusion, the Court lacks sufficient factual basis to determine whether Appellant's use is a preexisting nonconforming use. It is undisputed that Appellant retained a state license to for outdoor cannabis cultivation in July 2022 and the LDC was amended in September 2022. A preexisting nonconforming use is, in part, a "use of land . . . lawfully existing on the effective date" of the LDC. See 2016 LDC § 502(J); 2022 LDC § 502(J).

There are, however, no facts in the record to establish when Appellant actually began using the land for outdoor cannabis cultivation. Appellant asserts that he commenced cultivation under the license in July 2022 but this assertion comes with no support to establish this fact. See Motion for Summary Judgment at 2. The City also disputes this assertion. Appellant, as movant, bears the burden of proof with respect to establishing sufficient material facts for the Court to rule upon the pending motion. Couture v. Trainer, 2017 VT 73, ¶ 9, 205 Vt. 319 (quoting Price v. Leland, 149 Vt. 518, 521 (1988)). The Court is without sufficient facts to determine when the use began and, therefore, the motion must be **DENIED**.

#### b. Scope of Zoning

Municipalities "shall not . . . prohibit the operation of a cannabis establishment within the municipality through . . . a bylaw adopted pursuant to 24 V.S.A § 4414, or regulate a cannabis establishment in a manner that has the effect of prohibiting the operation of a cannabis establishment." 7 V.S.A § 863(d)(1).

Appellant asserts that the LDC violates this provision such that the NOV must be vacated against him. The LDC allows cannabis cultivation in only the PA District. Appellant asserts that this violation § 863(d)(1) because it has the effect of prohibiting the cannabis cultivation in the City. He asserts that there are no suitable properties for cultivation in the PA District such that the effect of the LDC is to prohibit the use. This assertion is without support such that Appellant has failed to meet his burden on summary judgment. See Couture, 2017 VT 73, ¶ 9 (quotation and citation omitted). Thus, his motion is **DENIED**.

### Conclusion

For the foregoing reasons, the Court **DISMISSES** Appellant's Questions 1 through 3, 5, and 7 through 10 as restating the issues already before the Court as set forth in the Court's Statement of Questions. Appellant's Question 6 is **DISMISSED** as outside the scope of our de novo review**. T**he Court adopts Appellant's Question 4 as restated above in new Question 3.

The City's motion to dismiss is **DENIED** and the Court concludes that the claims are not barred by the doctrine of res judicata, nor does the Court find other grounds to dismiss the claims.

Appellant's motion for summary judgment is **DENIED** for failing to meet his burden of proving he is entitled to summary judgment on either his claim that the cannabis cultivation is a preexisting nonconforming use or that the LDC is not enforceable against him pursuant to 7 V.S.A. § 863(d)(3).

The Court will set this matter for a status conference to determine the best approach to resolve the remaining aspects of this appeal.

Electronically signed April 16, 2026 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division