2006 VT 10

## Kenneth BUTSON v. DEPARTMENT OF EMPLOYMENT AND TRAINING

[892 A.2d 255]

No. 04-456

¶ 1. January 12, 2006. Claimant Kenneth Butson appeals a decision by the Employment Security Board, holding that he must repay to the Department of Employment and Training (DET) unemployment compensation benefits received for the time period that overlaps with the period for which he later received workers' compensation benefits and that he is not entitled to reduce his repayment to DET by a share of the attorneys' fees incurred to obtain the workers' compensation benefits. The Board found that nothing in the relevant statutes allowed Mr. Butson to reduce the repayment obligation created by 21 V.S.A. § 1347(b). We affirm.

¶ 2. Claimant received unemployment compensation benefits for the weeks ending April 20, 2002 through January 4, 2003, totaling $8,440.00. He later filed a workers' compensation claim for a job-related injury he received in February of 2002. He eventually received workers' compensation benefits covering the period from April 20, 2002 through January 4, 2003 and greater in amount than the

unemployment compensation benefits previously received. Under 21 V.S.A. § 1347(b), he was required to repay DET for the unemployment compensation payments he received for the time period for which he also received workers' compensation benefits. He argued that he should, however, be able to reduce the repayment by a proportionate share of the attorneys' fees he incurred in collecting the workers' compensation benefits. He argued that the reduced repayment was authorized by equitable considerations and the common fund doctrine. Both DET and the Board rejected this argument. He then appealed to this Court.

¶ 3. The question before us is first one of statutory construction. See *Daniels v. Vermont Ctr. for Crime Victims Servs.*, 173 Vt. 521, 523, 790 A.2d 376, 379 (2001) (mem.) (looking primarily to plain language of statute to determine whether or not common fund doctrine applies). If the governing statute requires the reimbursement of all payments, deductions cannot be made under the common fund doctrine, even to reflect equitable considerations. Here, the statute requires:

> Any person who receives remuneration ... which is allocable in whole or in part to prior weeks during which he or she received any amounts as benefits under this chapter *shall be liable for all such amounts of benefits* or those portions of such amounts equal to the portions of such remuneration properly allocable to the weeks in question.

21 V.S.A. § 1347(b) (emphasis added). It is undisputed that claimant received "remuneration" covered by the statute and he is liable to repay to DET at least part of the unemployment compensation benefits he received. DET and the Board interpreted the statute as requiring reimbursement for the full amount, without deduction of any costs of collection. Generally, this Court will defer to an agency's interpretation of a statute it has been charged to execute. *Lemieux v. Tri-State Lotto Comm'n*, 164 Vt. 110, 112-13, 666 A.2d 1170, 1172 (1995). In this case, the agency's interpretation is consistent with the plain language of the statute. See *In re Bennington Sch., Inc.*, 2004 VT 6, ¶ 13, 176 Vt. 584, 845 A.2d 332 (mem.) (explaining that when construing a statute, we look first to the plain language and assume the Legislature's intent was expressed in the language). The statute, by its express terms, requires claimant to repay *all* of the benefits he received for the time period duplicated by his workers' compensation benefits, without any indication that he may reduce this amount for any purpose.

¶ 4. The legislative history of 21 V.S.A. § 1347(b) shows that this plain reading of the statute mirrors the Legislature's intent to prohibit beneficiaries from reducing their repayment amount to account for attorneys' fees. See *In re Killington, Ltd.*, 159 Vt. 206, 216, 616 A.2d 241, 247 (1992) (noting that "legislative history is helpful in construing a statute where it clearly shows the intent of the legislature"). In 1981, the Legislature added a second sentence to 21 V.S.A. § 1347(b) as follows: "In the discretion of the commissioner, the amount of money to be repaid can be reduced to compensate for any attorneys['] fees paid to obtain such remuneration." 1981, No. 86, § 14. This language would have authorized exactly the result claimant seeks here. In 1987, however, the Legislature deleted the language it added in 1981, striking the authorization for the commissioner to reduce the repayment amount to account for attorneys' fees. See 1987, No. 100, § 3. The amendment makes clear that the absence of authority to subtract collection costs in the statutory language is intentional. See

*Diamond v. Vickrey*, 134 Vt. 585, 589, 367 A.2d 668, 671 (1976) ("It is well settled that, in interpreting amendatory language in a statute, we are guided by the rule that the Legislature intended to change the law.").

¶ 5. We have decided two cases that raise issues similar to that in this case, *Daniels v. Vermont Center for Crime Victims Services*, 173 Vt. at 523, 790 A.2d at 379, and *Guiel v. Allstate Insurance Co.*, 170 Vt. 464, 467-69, 756 A.2d 777, 780-81 (2000). Claimant argues that, notwithstanding the plain language of the statute, our prior decision in *Guiel* compels us to apply an equitable exception to this case. *Guiel* was an insurance subrogation action in which the insurer sought reimbursement from a damages settlement obtained by the insured for amounts the insurer had paid the insured, without deduction of any of the attorneys' fees the insured paid to obtain the settlement. In *Guiel*, we required the insurer to bear the proportional cost of the attorneys' fees that resulted in the successful damages settlement under the common fund doctrine, "which permits a prevailing party — whose lawsuit has created a fund that is intended to benefit not only that party but others as well — to recover, either from the fund itself or directly from those others enjoying the benefit, a proportional share of the attorney's fees and costs incurred in the lawsuit." *Guiel*, 170 Vt. at 468, 756 A.2d at 780. The common fund doctrine is an equitable exception to the rule that each party bears his or her own attorneys' fees as a matter of fairness. *Id.* Claimant argues here that, without the application of the common fund doctrine, he and other potential claimants would have a greatly reduced incentive to pursue workers' compensation benefits because a disproportionate share of the proceeds would go to DET. By applying the common fund doctrine, he argues, DET will actually receive greater overall reimbursement of benefits because more potential claimants will seek and successfully recover compensation through other agencies if proportional attorneys' fees will be covered.

¶ 6. In *Guiel*, we found that application of the common fund doctrine was consistent with the applicable statute. See *id.* at 469-70, 756 A.2d at 781 (finding nothing in the statutory language at issue prohibited an insurer from having to pay the proportionate share of attorneys' fees incurred by insured). We noted that the statutory language providing a right of subrogation "to the amount of such payment" of insured's loss or expense under the applicable policy was merely "a limit on the extent of the right of subrogation and is not intended to preclude application of the common fund doctrine." *Id.* (internal quotations omitted). Moreover, in *Guiel* we upheld the finding that the insurer sought to benefit from the services of insured's counsel without paying for them, a situation inapplicable to the circumstances here. We subsequently made clear, however, in *Daniels* that if the statute at issue required full reimbursement, we would not apply the common fund doctrine. 173 Vt. at 522-23, 790 A.2d at 378-79 (construing statute granting right of subrogation "to the extent of the cash payments granted" to require full reimbursement to government agency). Further, we noted in *Daniels* the distinction between the intent behind a regulatory statute that specifies the content of an insurance policy and a statute that governs the reimbursement right of a governmental agency. *Id.* at 524, 790 A.2d at 380.

¶ 7. As we stated above, the situation we have here is one of a clear statutory mandate requiring full reimbursement to a governmental agency. Accordingly, deductions cannot be made under the common fund doctrine, even for equitable considerations. Claimant's policy arguments are for the Legislature and not

this Court, and we must implement the statute as it is written.

*Affirmed.*