Fletcher Allen Health Care v. Clapp, No. S1001-09 CnC (Toor, J., May 11, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
CHITTENDEN COUNTY

| | |
|---|---|
| FLETCHER ALLEN HEALTH CARE<br>  Plaintiff<br><br>v.<br><br>MICHAEL B. CLAPP, ESQ.<br>  Defendant | SUPERIOR COURT<br>Docket No. S1001-09 CnC |

RULING ON MOTION FOR SUMMARY JUDGMENT

This is a declaratory judgment action by which plaintiff Fletcher Allen seeks recovery of roughly $16,000 on a medical lien against a personal injury recovery. Defendant Clapp was litigation counsel for the patient, and is holding the disputed funds. He asserts entitlement to them as a portion of his attorney's fees and costs in the personal injury action. Fletcher Allen has filed a motion for summary judgment. Clapp has filed no response to the motion. Thus, all fact alleged in the Statement of Undisputed Material Facts are deemed admitted. V.R.C.P. 56(c)(2).[1]

The facts are as follows. In 2003, Clapp's client, David Deldebbio, was injured in a car accident for which he received medical treatment at Fletcher Allen. He did not pay all the medical bills. As a result, Fletcher Allen perfected a lien against the proceeds of any future recovery of damages or settlement procured by Deldebbio in connection with the accident. At the time the lien was perfected, the amount of the outstanding medical bills was $43,128.91.

---

[1] The court notes that the statement of material facts does not comply with Rule 56 because it is unsupported by citations to admissible evidence. Had Clapp opposed the motion on that basis, it would have been denied. However, the court construes his failure to respond as a waiver of any objection on that ground.

Deldebbio subsequently recovered $478,471.32 in a lawsuit against the responsible party in the car accident. Clapp was his attorney. Clapp sent Fletcher Allen payment in the amount of $26,272.24, rather than the full amount of the outstanding bills. He explained that he had deducted a $500 exemption under 18 V.S.A. § 2251; had deducted what he calculated as Fletcher Allen's pro rata share of his attorney's fees; and had deducted $1,881.91 for Fletcher Allen's share of the litigation expenses.

The settlement amount of $478,471.32 was adequate to pay for all attorney's fees and expenses in that litigation.

Conclusions of Law

The statute pursuant to which Fletcher Allen asserts its lien is 18 V.S.A. § 2251. It states that a hospital in Vermont that furnishes medical or other service "shall have a lien upon any recovery for damages to be received by the patient … after the date of services." It further states that the lien "shall not attach to one-third of said recovery or $500.00 whichever shall be the lesser," and that the lien "shall be subordinate to an attorney's lien."

The plain meaning of this language is that the $500 deduction claimed by Clapp is correct, but his treatment of attorney's fees and expenses is not. The language "subordinate to" unambiguously says that the attorney's lien gets deducted first, and the hospital lien gets deducted second. Here, where there is enough (after the $500 deduction) for both liens to be paid, Fletcher Allen is entitled to payment in full.

The court does not find support for a contrary conclusion in the common fund doctrine. That doctrine "permits a prevailing party--whose lawsuit has created a fund that is intended to benefit not only that party but others as well--to recover, either from the

fund itself or directly from those others enjoying the benefit, a proportional share of the attorney's fees and costs incurred in the lawsuit." <u>Guiel v. Allstate Insurance Co</u>, 170 Vt. 464, 468 (2000). In <u>Guiel</u>, the Court held that the doctrine can be applied to an insurer's subrogation rights, so that the insurer contributes a portion of the insured's attorney's fees in obtaining the recovery.[2] The doctrine is "grounded on equitable principles and applied on a case-by-case basis." <u>Id</u>. at 783.

The common fund doctrine has not been extended beyond the insurance arena in Vermont. <u>Daniels v. Vermont Center for Crime Victim Services</u>, 173 Vt. 521, 524 (2001)("we need not decide whether we will extend the common fund doctrine beyond the insurance context"). Moreover, there is no basis for applying the equitable doctrine here because there is a statute expressly declaring the parties' relative rights with regard to the attorney's fees. As the Supreme Court noted in a case following <u>Guiel</u>, "if the statute at issue require[s] full reimbursement, we [will] not apply the common fund doctrine." <u>In re Butson</u>, 2006 VT 10, ¶ 6, 179 Vt. 599.

### Order

The motion for summary judgment is granted. Fletcher Allen is directed to submit a proposed judgment within ten days, to which Clapp shall have five days to object pursuant to V.R.C.P. 58(d).

Dated at Burlington this          day of May, 2010.

                                               _____
                                               Helen M. Toor
                                                 Superior Court Judge

---

[2] Even then, the doctrine "should be applied only after the trial court determines that it is equitable to do so because of the facts of the particular case at hand." <u>Id</u>. at 470.