*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-177

DECEMBER TERM, 2014

| | | |
|---|---|---|
| Karen Hecht | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 03-14-018-20 |
| (Fletcher Allen Health Care, Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from an Employment Security Board decision denying her claim for unemployment benefits. We affirm.

Claimant was employed by Fletcher Allen Health Care, Inc. (FAHC) for twelve to thirteen years as a medical home support specialist. Her last day of work was January 17, 2014. Claimant's husband had died several months earlier, and claimant left her employment in order to move to Texas to help care for her adult daughter, who had been diagnosed with cancer.

Claimant applied for unemployment benefits in February 2014. An adjuster for the Department of Labor determined that claimant was disqualified from receiving benefits for the week ending February 15, 2014 and until she earned wages in excess of six times her weekly benefit amount because she had left her employment "voluntarily without good cause attributable" to the employer. 21 V.S.A. § 1344(a)(2)(A). Following a hearing, an administrative law judge upheld the decision, observing that, although "claimant had a compelling personal reason to quit, namely to care for her ill daughter, . . . under Vermont law benefits may not be paid under these circumstances because the separation did not result from the employer doing something inappropriate." The Employment Security Board sustained the ALJ's ruling, concluding that it was factually supported and legally correct. The Board explained that while it was "deeply sympathetic" with the claimant's situation, the law did not allow an award of benefits where, as here, a claimant leaves employment "out of no fault on the part of the employer." This appeal followed.

Our review of the Board's decision is deferential. We will uphold its findings of fact unless clearly erroneous, and its conclusions of law if fairly and reasonably supported by the findings. Bouchard v. Dep't of Emp't & Training, 174 Vt. 588, 589 (2002) (mem.). "Absent a clear showing to the contrary, any decisions within [the Board's] expertise are presumed to be correct, valid, and reasonable." Id.

In her appeal, claimant does not challenge the Board's finding that she left her employment voluntarily to care for her daughter, and through no cause or fault attributable to her

employer.  She specifically acknowledges that FAHC was good to her and helpful to her family. Nor does claimant argue that the Board misapplied the law.  Instead, she suggests that Vermont should change its unemployment-benefit rules so that individuals in her circumstances are eligible for benefits.

The power to rewrite statutes is a function of the Legislature, not this Court.  Although we recognize the difficult choice claimant faced given her daughter's illness, we are constrained to apply the law as it exists to the facts as found below and undisputed by claimant on appeal. These compel the conclusion that—having left her employment for personal reasons that are compelling but not attributable to FAHC—claimant is subject to the statutory disqualification provision on which the Board relied.  See Spaulding v. Dep't of Emp't Sec., 139 Vt. 562, 565 (1981) (holding that employee who "voluntarily chose to quit for personal reasons not attributable to his employer . . . subjected himself to the statutory disqualification").  Any argument that the statute should be changed to provide for benefits in circumstances like this should be directed to the Vermont Legislature.  In re Butson, 2006 VT 10, ¶ 7, 179 Vt. 599 (mem.) ("Claimant's policy arguments for the Legislature and not the Court, and we must implement the statute as written.").

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

2